## Van Hook and others vs. Whitlock and others.

No suit could have been sustained against the individual stockholders of The Commercial Insurance Company of New-York previous to the expiration of its charter, in January, 1820 ; and the statute of limitations did not therefore commence running against such stockholders until that time.

The act of April, 1814, authorizing the discharge of an insolvent insurance company from its debts, upon its making an assignment of all its property for the benefit of its creditors, did not authorize a discharge of the stockholders from their individual liability for the debts contracted by the corporation before the passing of the act.

The stockholders are not liable for any debts which were barred by the statute of limitations as against the company before the expiration of its charter.

The nature of the demand against the company makes no difference as to the length of time required to bar a suit against the stockholders, after the right of action against them had accrued by the dissolution of the corporation.

The creditors of the company had a concurrent remedy by a suit at law, or by a bill in equity, to recover the amount due from the individual stockholders respectively, under the provisions of the act of incorporation; and, in analogy to the limitation of actions at law, a suit in this court to recover the sum due from each stockholder within the same time.

Upon a liability created by statute, the plaintiff may bring an action of debt or assumpsit, at his election, if no form of action is prescribed by the statute creating such liability. A suit in equity founded upon such liability would not therefore be barred till the expiration of the longest time limited for bringing either of those actions at law.

Where the right to sue at law accrued before the revised statutes took effect, the time within which a suit will be barred depends upon the statute which existed previous to that time ; but where the right to commence the suit accrued since that period, the time within which the suit is to be brought must be regulated by the revised statutes.

The same rules are applicable to suits in equity in cases where the complainant has a concurrent remedy at law.

Whether the time which has elapsed previous to the adoption of the revised

1832.

Van Hook
v.
Whitlock.

statutes is to be taken into consideration in estimating the ten years within which a suit must be brought, which is of exclusively equitable cognizance ; Quære ?

Where only one cause of action is stated in the bill, the defendant must ascertain what time of limitation is applicable to the case, and frame his plea accordingly.

The court may permit a defendant to plead double, under special circumstances ; as where he could not make his defence by answer without setting out a long account, which would be unnecessary, if the defence sought to be made by plea was valid.

August 27.

THE bill in this cause was filed on the 9th of January, 1830, by the complainants, in behalf of themselves and all the other creditors of The Commercial Insurance Company of New-York, against the defendants, as stockholders of that company at the time of its dissolution. The company was incorporated in April, 1805, to continue until the second Tuesday of January, 1820. By the twelfth section of the act of incorporation, (4 *W. & S. Laws of N. Y.* 147,) it was provided, that as to all debts contracted by the company before the second Tuesday of January, 1820, the persons composing the corporation at the time of its dissolution should be responsible in their individual and private capacities to the extent of their respective shares in the stock of the company at that time. The bill set out various debts due to the complainants, respectively, from the company, upon policies underwritten previous to the passage of the act of the 15th of April, 1814, respecting incorporated insurance companies in cases of their insolvency ; (3 *Laws of New-York*, 1814, 198, *b.* ;) some of which debts had been reduced to judgments, and others of which had been liquidated by the company, but not paid. The bill further set forth that the corporation became insolvent, and was discharged from its debts, under the provisions of the last mentioned act, in July, 1814, and since which time there had been no property or effects of the company except what passed to the trustees under the assignment. That the property assigned was only sufficient to pay fifty-six per cent. of the debts, exclusive of interest ; and that the residue remained unpaid. The bill further stated that the defendants were the owners of various amounts in the stock

of the company, at the expiration of its charter ; and it prayed that an account might be taken of the debts due from the company, and of the amount of stock held by the defendants respectively, and that they might be decreed to pay their several shares of such debts in proportion to the amounts of their stock.

The defendants G. Wright, G. Havens and J. Bogert, jun. pleaded in bar to the discovery and relief sought by the bill, " the several acts and statutes now in force in this state for the limitation of actions and suits in respect of the matters and supposed causes of action or suit in the said bill of complaint mentioned." And as to so much and such part of the supposed causes of action or suit, and each and every of them in the bill of complaint alleged, whereof there was concurrent jurisdiction in the courts of common law and courts of equity, the defendants pleaded that such causes of action or suit did not accrue at any time within six years before the filing of the bill, &c. ; and as to all other matters stated in the bill they pleaded that the complainants' right of action did not accrue at any time within ten years before the commencement of the suit.

*R. Sedgwick & D. D. Field,* for the complainants. The plea is double, inasmuch as it pleads two or more distinct statutes of limitations, or statutory bars. If there be different parts of the bill, to which different limitations apply, they ought to have been pointed out, and the plea should have been framed accordingly. (*Salters* v. *Tobias, 7 John. Chan. Rep.* 214. *Beames,* 44.) The plea is bad, inasmuch as it sets up in bar all the acts and statutes of limitations now in force ; without specifying the same, or the periods of limitation referred to, so that it can be known what statutes are intended. It is also ambiguous and fishing, and does not state what causes of action in the bill are intended by " those causes of action or suit whereof there is concurrent jurisdiction in the courts of common law and in courts of equity." The plea is bad, inasmuch as it pleads a bar or limitation of ten years, without admitting that there is any cause of action in the bill

to which such a bar applies; and without specifying what part of the bill is intended. (*Salters* v. *Tobias,* 7 *John. Ch. R.* 214. *Beames,* 44.) Neither the old nor the new statute is applicable to this suit, either by a limitation of six or of ten years, because this suit is founded on the statute of incorporation. If a suit at law could have been brought, it must, or at least might have been debt. (3 *Barn. & Cres.* 962. *Tilson* v. *Warwick,* 3 *Mass. Rep.* 307. *Bigelow* v. *Cambridge Corporation,* 7 *Id.* 204. *Jeffrey* v. *Blue Hill Corporation,* 10 *Id.* 370. *United States* v. *Colt,* 1 *Peters' C. C. R.* 145. *Com. Dig. Debt, A.* 1.) To such a suit, the statute of limitations could not have been pleaded. (*Comyn's Dig. Temps. G.* 15. *Talong* v. *Jackson,* *Cro. Car.* 513. *Jones* v. *Pope,* 1 *Saund. R.* 38. *Hodge* v. *Harridge,* 2 *Id.* 64. 15 *Viner's Abr.* 108. 4 *Bacon's Abr.* 471. *Pease* v. *Howard,* 14 *Johns. Rep.* 479. *Bullard* v. *Bell,* 1 *Mason's R.* 243. *Angell on Lim.* 165.) No statute of limitations applies to a debt arising out of a policy of the Commercial Insurance Company, because, by its charter, such policies are to be deemed specialties. Neither the old nor the new statute is applicable to such of the complainants as are judgment creditors; and the plea being therefore bad in part, is bad in toto. In suits against heirs and executors, the form of pleading the statute is the same as if the suit had been against the ancestor or testator. (1 *Chitty,* 103. 2 *Saunders,* 7, *d.*) Where there is a debt against principal and surety, both are considered as one, and an acknowledgment by a principal takes the case out of the statute as to the surety. (*Angell on Lim.* 270. 2 *Pick.* 579. 4 *Id.* 382.) The old statute of limitations of six years did not apply, because it did not, in terms, extend to cases in equity, and was adopted in equity from analogy only when it would conduce to justice. If either the old or the new statute was applicable to this suit, it did not begin to run until it was discovered that there would not be sufficient property of the corporation to pay the claims; and that was only when the last dividend was paid by the trustees, in April, 1829. For where a creditor has a specific fund, he shall be compelled to resort to that before charging the surety. (*Hayes* v. *Ward,* 4 *Johns. Ch. R.* 130.) Since the statute re-

specting suits in equity became a law, the former statute of limitations cannot be applied to any case over which, as in this case, a court of equity has peculiar and exclusive jurisdiction. The statute of limitations respecting suits in equity cannot apply so as to create a bar in this case. 1st. Because, by the terms of the present statute, the former statute cannot be applied to any case over which a court of equity has· peculiar and exclusive jurisdiction. 2d. Because, if applied on the ground of a dissolution of the company in January, 1820, the ten years had not expired when the bill was filed ; and·if applied on the ground that the company was dissolved in 1814, the limitation thus created would have run out before the statute became a law, and thus it would be made to impair the obligation of contracts, and would be opposed to the constitution of the United States.    This suit was therefore .commenced in time, for these reasons : 1st. The corporation was not dissolved until the second Tuesday of January, 1820, and this fact having been alleged in the bill, is therefore admitted by the plea.    2d. This is a case over which a court of equity has peculiar and exclusive jurisdiction ; and the defendants, by their plea, have admitted that a part of the bill, at least, presents such a case. (*Slee* v. *Bloom*, 5 *John. Ch. R.* 366.   19 *Id.* 474, *S. C.   Briggs* v. *Penniman*, 1 *Hopk.* 300.   8 *Cowen*, 387, *S. C.   Peck* v. *Ellis*, 2 *John. Ch. R.* 136.   *Gow on Part.* 130.   2 *Kyd on Corp.* 447.   7 *John. Ch. Rep.* 225.   *Philips* v. *Wickham*, 1 *Paige*, 596.   2 *Kent's Comm.* 250.   4 *Com. Dig.* 261, *Franchises*, *G.* 2.   1 *Salk.* 191.)   3d. The bill in this cause was filed, and process of subpœna issued, January 9th, 1830. If either the old or the new statute shall be adjudged applicable to this suit, yet the case was taken out of the statute by the payment of the dividends mentioned in the bill.   (*Jackson* v. *Fairbank*, 2 *H. Bl.* 340.   *Bryar* v. *Willcocks*, 3 *Cowen*, 162. 15 *Ves.* 499.·  *Burt* v. *Palmer*,·5 *Esp. Rep.* 145.)

*W. Slosson & G. Griffin*, for the defendants, contended that there was a concurrent jurisdiction in the courts of common law and equity, in respect to the several demands stated in the bill of complaint ; the complainants having a clear right,

if the stockholders were liable at all, either in law or equity, to maintain an action at law upon an implied assumpsit, founded on the liability created by the statute, to the extent of the shares held by the stockholder ; that the limitation, therefore, of six years applies to the whole of the demands ; that if, however, the demands, or any part thereof, were exclusively of equity jurisdiction, they were barred by the limitation of ten years, the Commercial Insurance Company having been dissolved, by the proceedings and assignment, in July, 1814.

THE CHANCELLOR. The second section of the act of April, 1814, (3 *Laws of N. Y.* 199, *b.*) makes the assignment, under the order of the proper officer, a full discharge, not only to the corporation but also to the president, directors and stockholders of the company, from all debts due at the time of the assignment. But as all the debts due to these complainants were contracted before the passing of that act, it was void as to those debts, as a law impairing the obligation of contracts. And according to the decision of the supreme court of the United States, in *Sturges* v. *Crowningshield,* (4 *Wheaton's Rep.* 122,) and the doctrine established in our own courts since that decision, the debts due to these complainants were not discharged either as against the corporation or the individual stockholders.

The statute authorizing the discharge of the corporation as an insolvent debtor does not profess to make that discharge a dissolution of the company. On the contrary, there are provisions in the act which show conclusively that the legislature did not intend it should have that effect. And if the surplus of the assigned property was equal to one half the former capital of the company, the corporation was authorized to go on with the business of insurance. There was nothing in this case to prevent the complainants, who had not already obtained judgments for the amount of their demands, from suing the corporation, at any time during its legal existence, notwithstanding the discharge. And as the stockholders are only liable for the debts which were due from the corporation at the time of the expiration of its charter, if any of these

claims were barred by the statute of limitations, as against the company, at that time, the defendants are not liable, although suits could not have been brought against them individually until after that period. If the corporation could have pleaded the statute of limitations in bar immediately previous to the expiration of the charter, the stockholders, who are only collaterally liable, may set up the same defence in bar of the claim against them. This plea, however, is not calculated to raise that question as to any part of the demands set forth in the complainants' bill. There is no allegation here that the corporation did not undertake and promise, or that the complainants' rights of action against the company did not accrue, within six years before the second Tuesday of January, 1820.

If the debts were actually due from the corporation at the time of its dissolution, it can make no difference whether they were due from the corporation by judgments, or specialty, or only by simple contract. The right of action against the stockholders is founded upon the statute ; and the form of the action against them must be the same, whatever may be the nature of the original indebtedness of the company. If an action at law is brought against the stockholders, it must be either an action of debt or assumpsit, founded upon their liability created by the statute. As a general principle, wherever a party is under a legal liability to pay money to another in consequence of some supposed benefit received as the consideration for such liability, and where no particular form of action is prescribed by the common law, or by statute, to recover the amount so due, an action of assumpsit may be maintained upon an implied promise, founded on such legal liability. But if the liability of the defendant is founded upon some negligence or misconduct on his part, by which the plaintiff has sustained an injury, an action on the case is in general the appropriate remedy. I think this is a case in which actions of assumpsit might have been brought against the several stockholders to recover the amount due from each according to their respective liabilities. It is equally clear, however, that the creditors of the company might have brought actions of debt instead of as-

sumpsit. Wherever a statute imposes a legal obligation upon one party to pay money to another, the person to whom the payment is to be made may maintain an action of debt for the money. (*Per Bailey, J. 7 Dowl. & Ryl.* 381. *Comyn's Dig. Debt, A.* 1. *Saund. on Pl.* 404.) The complainants, if they had sued at law, might have brought an action of debt, founded on the statute; and this court, which decides in such cases, in analogy to the statute of limitations, will not consider this plea a bar, unless it would have been a bar at law to any action which might have been brought there. The statute of limitations which was in force at the time the right of action in this case accrued, as to actions of debt, is a transcript of the 21 *James I. ch.* 16, § 3, and only extends to actions of debt for arrears of rent, or which are founded upon contract without specialty. (1 *R. L. of* 1813, *p.* 186.) Under this statute, it appears to have been long since settled in the English courts, that the limitation of six years did not extend to the case of an action of debt founded upon a statutory liability; the statute being considered in the nature of a specialty. (*Com. Dig. tit. Temps. G.* 15.) And in the case of *Bullard* v. *Bell*, (1 *Mason's Rep.* 243,) before the circuit court of the United States, in 1817, Judge Story reviewed the authorities on this subject, and decided that the statute of limitations did not extend to an action of debt, against the stockholders of a corporation, founded upon a statutory liability. The revised statutes require all actions of debt founded upon any contract, obligation, or liability, not under seal, except such as are brought upon judgments and decrees, to be commenced within six years. (2 *R. S.* 297, § 18.) This would embrace the present suit, founded upon a liability created by statute, although some of the demands against the company were in judgment. But the forty-fifth section of the title of the revised statutes, which relates to the time of commencing actions, (2 *R. S.* 300,) has restricted the application of the provisions of the four first articles of that title to cases where the right of action has accrued since the new statute went into operation. And all cases which arose before that time are to remain subject to the laws previously in force. Although these articles relate exclusively to actions at law, yet the forty-ninth section of the sixth article

applies the same limitations to suits in equity, where there is a concurrent jurisdiction in the courts of law and equity as to the subject matter of the suit. I think the fair construction of this last section is, that in cases of concurrent jurisdiction, this court must be governed by the legal rule, as it existed before the first of January, 1830, as to all suits in which the right of action accrued before that time, and by the new statute in those cases where the right to sue has arisen since. The subsequent sections of the sixth article, limiting the time of commencing suits in equity, fix the period at ten years, in cases where this court has exclusive jurisdiction, and where the subject matter of the suit is not cognizable in the courts of common law. The cause of action against these defendants as stockholders did not accrue until the dissolution of the corporation by the expiration of its charter, in January, 1820. Although this bill was filed within ten years from that time, yet it does not appear that a subpœna was taken out and served, or that a bona fide attempt to serve it was made within the ten years. If this were a case of exclusive equitable cognizance, and the plea was good in point of form, it might therefore be necessary to enquire whether the construction I have given to the forty-ninth section could be applied to these subsequent sections of the same article, or whether the suit must be commenced here within the ten years, including the time which had elapsed before the revised statutes took effect. I am satisfied, however, that this is not a suit over the subject matter of which a court of equity has exclusive and peculiar jurisdiction, within the meaning of the fiftieth section of the statute. The complainants had a remedy, though I admit a very difficult and imperfect one, by actions at law against the several stockholders, for the amount which each was liable to contribute towards the payment of the respective debts due from the company.

Again ; this plea is bad in point of form. It is evident that there are not several and distinct rights of action set up in the bill, some of which are alone cognizable in equity and the others subjects of concurrent jurisdiction. If the complainants or any of them had a remedy at law as to a part of their debts,

they had the same remedy as to the whole. The pleader has, however, pleaded the six years limitation as to a part, in which he supposes there may be a concurrent jurisdiction, and the ten years limitation as to the residue ; but without specifying, in any other way, the particular matters in the bill to which each limitation was intended to be applied. In addition to this, these defendants have pleaded in bar of the whole discovery and relief sought for in this bill, the several statutes of limitations now in force in respect to the matters in the bill mentioned. It is impossible to take any issue on such a plea. The plea is also double in setting up the several statutes as a bar to the whole bill, and two several periods of limitation as a bar to distinct but undefined parts thereof. Whenever a plea or demurrer does not extend to the whole bill, or there is a demurrer as to one part and a plea to another part, or separate pleas to distinct parts of the bill, the plea or demurrer should clearly express what part of the bill it is intended to cover, or the particular parts to which each defence is intended to be applied. (*Lube's Eq. Pl.* 336. *Devonsher* v. *Newenham*, 2 *Sch. & Lef.* 199. *Chetwynd* v. *Lindon*, 2 *Ves.* 451.) This is an attempt to plead double, under a pretence of applying different defences to different parts of the bill. The causes of action, so far as the statutes of limitation are concerned, were all alike ; being founded upon the statute liability only. The pleader, however, appears to have doubted as to the particular limitation which was applicable to this case ; and whether it was to be governed by the old law, or by the revised statutes which went into operation a few days previous to the filing of the bill. Instead therefore of deciding this question for himself and drawing his plea accordingly, he pleads the statutes, generally, to such parts of the bill as they may be applicable to. If the old statute is in force as it respects the whole subject matter of the bill, then that statute is pleaded to the whole, and the new statute as to the residue ; but if the new statute governs the case, that is intended to be pleaded as a bar to the whole, and the old statute as to what remains. If it is a case of concurrent jurisdiction, then he pleads that the suit was not commenced within six years ; if a case of exclusive equitable cognizance, then the defence

is that it was not commenced within ten years. This mode of pleading cannot be allowed. The defendants should either have put in an answer, in which they might have set up as many different defences as were deemed advisable, or they should have applied to the court for leave to plead double if there was any thing in the case which could render such a proceeding necessary. Such permission was given in the case of *Gibson* v. *Whitehead*, (4 *Mad. Rep.* 241,) to save the expense of setting out long accounts in the answer. The correctness of that decision is indeed questioned in a late elementary work, (*Willis on Pl.* 493, *note e.* ;) but a subsequent writer on the subject of equity pleading, of distinguished ability, supports this decision of the vice chancellor. (*Lube's Eq. Pl.* 348.)

The question whether there is any equity in this case, on the face of the complainant's bill, cannot properly be raised upon the argument of this plea. Although at law there is a rule that, upon a demurrer, the party must fail whose pleading is first defective in substance, it does not apply to a plea in this court, which must stand upon its own merits alone. A plea cannot be substituted in the place of a demurrer here. (1 *Vern. Rep.* 78. 2 *Paige's Rep.* 180.) If therefore the discharge of the company and its stockholders under the insolvent act of 1814 is valid as against the debts due to these complainants, on the ground that these have come in and received their dividends in the assigned property, under the act, this plea cannot be sustained.

As the plea is defective both in form and substance, it must be overruled with costs.