## STEWART *a.* SMITH.

### *Court of Appeals ; July Term,* 1859.

#### APPEAL.—DOWER.—STATUTE OF LIMITATIONS.

An objection which was not raised at the trial, and which, if it had been, might possibly have been obviated, cannot be used as a ground of appeal.

*It seems,* that the defence of the Statute of Limitations must in all cases, even where the cause of action accrued before the enactment of the Code of Procedure, be raised by answer.

*It seems,* that a right of dower, accruing before the enactment of the Revised Statutes, is not affected by the limitation of the time for commencing the action prescribed by those statutes.

The Court of Appeals cannot look beyond the findings of facts contained in the case, in order to draw any inferences of fact bearing upon the appeal.

Appeal from a judgment, by which a judgment on the report of a referee was reversed and the complaint dismissed.

This was an action of ejectment for dower. William James Stewart, the husband of the plaintiff, died in 1823. During his lifetime, and after his intermarriage with the plaintiff, he was seized in fee of a tract of land including the premises in question. The premises in question are part of an old lane, known as Stewart's Lane, which ran through the lands of James A. Stewart, the father of the plaintiff's husband. This action was commenced in July, 1851, and was referred for trial on December 6th, 1853. On the trial the plaintiff proved the intermarriage between herself and William James Stewart, the seizin of Stewart after his marriage with the plaintiff, and his death in .1823. The referee made his report in favor of the plaintiff, and judgment was entered thereon, which was reversed at general term, and judgment entered in favor of the defendant, from which the plaintiff appealed to this court.

*G. W. Stevens,* for the appellant.—I. The husband of the plaintiff was seized and possessed in his lifetime of the premises in which the plaintiff now claims her dower. But seizin in fact

of the husband is not necessary to entitle the wife to dower; seizin in law is sufficient. (1 *Greenl. Cruise Dig.*, 49, 50, 157; Atwood *a.* Atwood, 22 *Pick.*, 283.)

II. Before the Revised Statutes took effect, a widow might bring an action for her dower at any time during her natural life. The statute now in force preserves this right where it had accrued at the time the statute took effect. (*Laws of* 1806, 616; 1 *Rev. Laws of* 1813, 60; 1 *Rev. Stat.*, 750, § 11.)

III. By the provisions of the Statute of Limitations, as contained in the Revised Statutes, rights of action which had already accrued, are excepted from the operation of that statute; the plaintiff is not affected by it. (2 *Rev. Stat.*, 300, § 45; McCormick *a.* Barnum, 10 *Wend.*, 104; Van Hook *a.* Whitlock, 3 *Paige*, 409; Cole *a.* Irvine, 6 *Hill*, 634.)

*C. B. Hart*, for the respondent.—I. The plaintiff should have demanded her dower within twenty years after the death of her husband, or, as he died in 1823, before the passage in 1830 of the Revised Statutes, she should have demanded it within twenty years next after their passage, which she has not done. (1 *Rev. Stat.*, 742, § 18.)

II. The plaintiff can only recover upon the strength of her husband's title. (Poor *a.* Horton, 15 *Barb.*, 485.)

III. To entitle a widow to dower, her husband must have been seized during the marriage not merely of the naked fee, but of a present estate or interest in possession. (Dunham *a.* Osborn, 1 *Paige*, 635; Safford *a.* Safford, 7 *Ib.*, 259.) Here the premises in question are a part of an ancient public street dedicated to the public use, and which had been open and in use by the public from previous to 1804 to within the last ten years, and until more than twenty years after the death of plaintiff's husband.

ALLEN, J.—The report of the referee in this case finds all the facts necessary in the first instance to entitle the plaintiff to recover, viz., marriage, seizin of the husband during coverture, and his death in 1823. No exception appears to have been taken on the hearing, to any decision, except as to the exclusion of certain evidence offered by the defendant, which will be found to have been wholly immaterial. It is now urged as the

most material point against the recovery that the plaintiff's demand of dower should have been made within 20 years after the death of her husband, or at all events within 20 years after the Revised Statutes took effect in 1830.

No such defence is set up in the answer, nor was it insisted upon on the hearing. It was not presented to the referee, nor passed upon by him, nor does he find that the action was not commenced within the period allowed by the statute. All this is conceded on the part of the defendant's counsel, but he argues that it was not necessary to raise the objection or set up the defence in the answer, and such seems to have been the opinion of the court below. The Code of 1852, § 74, declares that civil actions can only be commenced within the period prescribed in the 2d title, after the cause of action shall have accrued; except where, in special cases, a different limitation is prescribed by statute, and in the cases mentioned in section 73. Section 73 enacts that the title shall not extend to actions already commenced, or to causes where the right of action has already accrued, but that the statute now (then) in force shall be applicable to such cases.

The court below say that the Code has no application because the right of action, if any, accrued long before the date of the special statute in which the limitation specially applicable is prescribed, viz., the statute of dower. It is believed, however, that the court did not give full force to the closing clause of section 74. The exceptions are all before it, and it concludes with an independent sentence in these words: "But the objection that the action was not commenced within the time limited, can only be taken by answer."

It has been held at special term (10 *How. Pr.*, 383), that this last sentence applies to all actions commenced since the Code took effect, although the cause of action accrued previously, and such would seem to be the natural and fair construction to be gathered from a due consideration of all its provisions. But whether this be so or not, it appears to me that the neglect to present it on the trial is fatal to its being urged in the Court of Appeals. The case and the findings and report of the referee are all wholly silent on the subject; and we find the objection for the first time raised in the third exception to the referee's finding and report, which is that he did not find that plaintiff

had not demanded her dower within 20 years after the death of her husband, or within 20 years next after the passage of the Revised Statutes. The defendant did not ask the referee to find, nor does it appear anywhere in the case that he resisted a recovery upon that ground.

In the first place it may be doubted whether the 18th section of the act (2 *Rev. Stat.*, 742), which requires a widow to demand her dower within 20 years, is applicable to a case where the right of action had accrued previous to its passage. By 2 Rev. Stat., 300, § 45, it is enacted that any provision limiting the time for bringing actions shall not affect a vested right, that is, where the right to bring an action had already accrued. There have been adjudications on this question in our several courts, which I know do not harmonize. In Sayre *a.* Wisner (8 *Wend.*, 661), Ch. J. Savage in delivering the opinion of the court remarked, that the Statute of Limitations was not retroactive, but that it was strictly within the rule to say it might be applicable to cases of previous death, but not till 20 years after the statute took effect; but this he does not say is a proper legal construction of the section. In Ward *a.* Huets, he seemed to think that the excepting clause just cited (2 *Rev. Stat.*, 700) applied to all cases, although he cited with approbation Sayre *a.* Wisner. In Van Hook *a.* Whitlock (3 *Paige*, 409, 416), the chancellor came to the conclusion that the 41st section had restricted the application of the Revised Statutes as to limitations, to actions where the right accrued after their passage. Here the right had accrued before their passage; and before the Revised Statutes a widow might bring an action for her dower at any time during her natural life. (1 *Rev. Laws of* 1813, 60; *Laws of* 1806, 616.) And 1 Rev. Stat., 700, § 11, declares that none of the provisions in the chapter, except those converting formal trusts into legal estates, shall be construed as defeating or impairing any vested estate, interest, or right.

I know it is argued, and not without force, as cases are cited which go to support the proposition, that there is a distinction between acts which affect the right, and those which affect the remedy only. That the plaintiff's action was for dower, and not for liberty to demand it during her life. That the Revised Statutes only shortened the time of the remedy, and not the right of action itself; and that a State may regulate at pleasure

the mode of proceedings in its courts in relation to past contracts as well as future, and may shorten the period of time in which claims shall be barred by the Statute of Limitations. (4 *Cow.*, 384; 6 *Wend.*, 526. Morse *a.* Goold (11 *N. Y.*, 281), where DENIO, J., remarked that the limitation was no part of the right or contract (*Ib.*, 308); and Conkey *a.* Hart (14 *Ib.*, 22), where it is said by JOHNSON, Ch. J., that "all the cases recognize the obvious distinction between impairing the obligation of the contract, and altering the remedy for a breach of it.")

Secondly, conceding that the plaintiff should have brought her action within 20 years after the Revised Statutes took effect, how does it appear here that the action was not brought within that period, or that she was subject to none of the exceptions contained in the section now contested, but that if the objection had been taken she might have been prepared by proofs to have obviated it? It is said that the complaint was sworn to, and showed that the action was commenced after the expiration of the 20 years, and that inasmuch therefore as the objection could not have been answered if made, it may now be taken here. The date of the summons, it is true, was the 16th of July, 1851, but an action may have been commenced previous to that, and the plaintiff may have been insane during a portion of the period. It is enough to say that the objection might have been obviated if it had been taken on the trial, and that it is not found to have been there taken in the report.

As to the other objections to the recovery, the same remarks are to a great extent applicable. The referee, as already observed, finds all the facts necessary to establish the plaintiff's right of recovery. He finds that her husband was seized in fee simple of the premises subsequent to his marriage with plaintiff, and prior to his decease. He was seized in law under his conveyance from John James Stewart; this is sufficient. He had the right of possession as far as the finding shows, and we cannot go beyond that in our examination of the case. No objection was made that the husband had not the immediate right of possession as far as the finding shows, and we cannot go beyond that in our examination of the case. No objection was made that the husband had not the immediate right of possession of the street, or that the premises were part of a public street dedicated to the public use, or that the right of user of

the street had not terminated 10 years ago; as are now urged in the points; nor is there any finding to warrant or authorize such objections. If the finding was or is defective as to these points, the defendant should have had it corrected and made more full. The exception as to the refusal to receive the deeds in evidence was altogether immaterial. The deeds only went to prove that plaintiff's husband had parted with his interest in the premises, but not that she joined in the conveyance and parted with her right of dower.

Neither is there any force in the objection that the plaintiff had disposed of her dower. There was no evidence of this fact, except as to her parol declarations, and they did not go far enough if valid; but they were entirely invalid. Nothing but a release in writing could have been binding upon her, and no such release was presumed or pretended.

The plaintiff was clearly entitled to recover, and the judgment of the Supreme Court must be reversed, and the judgment rendered for the plaintiff, and the report of the referee affirmed.