[No. 1293.  Decided July 10, 1894.]

THE STATE OF WASHINGTON, *on the relation of William H. R. McMartin, Appellant,* v. LEWIS C. WHITNEY, *Respondent.*

PROSECUTING ATTORNEYS — VACANCY IN OFFICE — HOW FILLED.

The prosecuting attorney of a county being a county officer, under the constitution and laws of this state, a vacancy in the office should be filled by appointment of the county commissioners and not by the governor.

*Appeal from Superior Court, Snohomish County.*

*Fishback, Sapp & Ferry,* for appellant.

*Whitney & Frame,* for respondent.

The opinion of the court was delivered by

STILES, J. — A vacancy having occurred in the office of prosecuting attorney of Snohomish county, the respondent was, on May 9, 1893, appointed by the board of county commissioners to hold the office. On the same day the governor appointed the appellant. Both appointees qualified, but respondent obtained possession of the office, and appellant brought this action to try the title.

The case involves the question whether the governor or the county commissioners possess the power of appointment to fill a vacancy in the office in question.

The only law upon our statute books which pretends to

provide for the election of prosecuting attorneys, and defines their authority in detail, is that of February 4, 1886 (Laws, p. 59). That act prescribed that there should be elected "in the *district* comprising . . . county one prosecuting attorney." In some cases there was one county, and in others there were several counties in a district. King, Kitsap and Snohomish counties were thus united as a district in which one attorney only was provided. The governor was by that act authorized to fill vacancies.

The act of March 26, 1890 (Laws 1889–90, p. 302), entitled "An act classifying the counties according to population, enumerating the county officers," etc., confused matters a little by naming as a county officer "one county attorney" and omitting all mention of prosecuting attorneys. But the general impression was that this was a mere *lapsus linguæ*, and this was confirmed by the act of February 3, 1891, which substantially declared county attorneys and prosecuting attorneys to be the same officers.

Sec. 5, art. 11 of the constitution imposed upon the legislature the duty of providing, by general and uniform laws, for the election, in the several counties, of prosecuting attorneys and other county, township and district officers; and § 6 of the same article imposed upon the boards of county commissioners the duty of filling vacancies in all county offices.

The legislature of 1890 did not provide for the election of any county officers, however, the act of March 26 having for its object only the fixing of salaries, and some provisions in regard to deputies, fees, etc. Nor has there been any legislation on the subject since, the existence of all the county offices in the state depending entirely upon laws passed during the territorial period.

The electors in every county in the state, however, at the elections of 1890–92, treated the office of prosecuting

attorney as though the constitution had amended the act of 1886 so as to require the election of such an officer in each county, whether it had theretofore been associated with some other county in a ''district'' or not; and rightly so, as both parties to this case must concede, since if the contrary were decided there would be no prosecuting attorney for Snohomish county, but a prosecuting attorney for the district composed of King, Kitsap and Snohomish counties. We think the popular interpretation was right in this, and that the amendment was carried further so that the prosecuting attorneys became, from the election of 1890, county officers simply, without any ''district'' appellation which had theretofore attached to them wholly because some of them happened to be elected by the joint vote of several counties.

It follows that the provision of the constitution in regard to filling vacancies affects this office, and that the respondent is rightfully entitled to it : wherefore the judgment is affirmed.

DUNBAR, C. J., and SCOTT, ANDERS and HOYT, JJ., concur.