# SAVANNAH & OGEECHEE CANAL COMPANY *v.* SHUMAN.

Although a particular individual may have an interest in the performance by a corporation of the duties devolving upon it by its charter in which the general public does not share, yet if no special right accrues to him as an individual under the charter, his right of action for damages resulting from a breach of duty on the part of the corporation does not fall within any of the classes of rights mentioned in section 2916 of the code, but under

the general law, and consequently his action for such damages must be brought within four years.

March 16, 1896. Argued at the last term.

Complaint for damages. Before Judge MacDonell. City court of Savannah. February term, 1895.

*Denmark & Adams*, for plaintiff in error.
*Walter C. Hartridge*, contra.

SIMMONS, Chief Justice.

The sole question to be determined in this case is whether the action was barred by the statute of limitations. The defendant is a canal company, incorporated under an act of the legislature (Dawson's Compilation, p. 97); and the *gravamen* of the action is, that the company did not keep its canal in such condition as to enable the plaintiff to transport his lumber and wood over it in boats. It does not appear from the petition that the injuries complained of were sustained within four years before the filing of the suit, and for this reason the defendant contended that the action was barred. The trial judge held that under section 2916 of the code the action was not barred. That section is as follows: "All suits for the enforcement of rights accruing to individuals under statutes, acts of incorporation, or by operation of law, shall be brought within twenty years after the right of action accrues." We think the court erred in holding this section applicable. There is nothing in the defendant's charter which creates in favor of any individual such a statutory right as would authorize him to bring suit against the corporation at any time within twenty years. It is true the charter requires the company to keep its canal "in good and sufficient order, condition and repair, and at all times free and open to the navigation of boats, rafts and other water-crafts, and for the transportation of goods, merchandise and produce," etc.; but no liability is expressly created in favor of any individual or individuals. There is a duty imposed for the benefit of the public, and any

member of the public who has sustained injury by reason of a breach of this duty has a right of action against the company (see *Savannah & Ogeechee Canal Co.* v. *Shuman,* *91 Ga.* 400); but the fact that such a duty is imposed does not of itself create such a liability in favor of any individual as would bring the case within the section of the code above quoted. In order to bring the case within this section, the liability would have to be one expressly created in favor of an individual or a class to which he belongs, as distinguished from one arising under the general law in favor of all persons who might be injured by a breach of the corporate duty. If the charter had declared that in case the company should fail to keep its canal in good condition and repair, and any person should be injured thereby, the company should be liable to such person for the injury, this would have created such a statutory right in favor of a person thus injured as would render this section of the code applicable. Under the charter as it stands, however, the plaintiff's right of action for damages resulting from a breach of the duty imposed by the charter does not fall within any of the classes of rights mentioned in this section, but under the general law. And this is so although the plaintiff may have had an interest in the performance of the corporate duties in which the general public did not share. The four years period of limitation was therefore applicable, and the demurrer ought to have been sustained.

*Judgment reversed.*