[No. 5492.  Decided February 28, 1905.]

THE STATE OF WASHINGTON, *on the Relation of E. K. Pendergast, Appellant,* v. WILL N. FULTON, *Respondent.*[1]

COUNTY COMMISSIONERS—VACANCY—HOW FILLED. Upon a vacancy occurring in the office of a county commissioner, the two remaining members have power to select a successor, Bal. Code, § 327, providing that the judge of the superior court of the county shall act with them being in conflict with Const. art. 11, § 6, which provides that the county commissioners shall fill vacancies in any county office.

[1]Reported in 79 Pac. 779.

Appeal from a judgment of the superior court for Okanogan county, Brown, J., entered December 12, 1904, dismissing a proceeding in *quo warranto*, upon sustaining a demurrer to the information. Affirmed.

*E. K. Pendergast*, for appellant.

*A. W. Barry* and *A. J. Laughon*, for respondent.

Crow, J.—In this action the prosecuting attorney of Okanogan county filed an information in *quo warranto*, for the purpose of ousting the respondent, Will N. Fulton, from the office of commissioner of said county. It is alleged that one A. George Wehe had been elected to said office, but afterwards resigned, thereby creating a vacancy. Thereupon the two remaining commissioners, at an ad-journed meeting of the board, elected the respondent to fill said vacancy, and said respondent immediately qualified and entered into possession of the office. The contention of relator as set forth in the information, is that, before the two remaining county commissioners proceeded to fill said vacancy, they should have notified the superior judge for Okanogan county, Washington, to act with them, under the provisions of Bal. Code, § 327. It is alleged that no notice of the meeting held to elect a commissioner was given to said superior judge, that said judge took no part in said meeting, and that the election held by the two commissioners was therefore void. A demurrer to the information was sustained. The relator declined to plead further, a judgment of dismissal was entered, and this appeal was taken.

Bal. Code, § 327, reads as follows:

"Whenever a vacancy occurs in a board of county commissioners in any county in this state, either by death, resignation, failure to qualify or otherwise, then at the first regular meeting of the board of county commissioners

thereafter, the remaining county commissioners and the judge of the superior court of the county shall appoint some qualified elector to fill the vacancy: Provided, That in any county in which there shall be more than one judge of the superior court, the eldest thereof shall perform the duties herein required."

Bal. Code, § 346, provides that, when a vacancy occurs in any county office, the commissioners of the county in which such vacancy occurs shall appoint a suitable elector of the proper county to fill such vacancy. Section 6, of art. 11, of the constitution of this state, reads as follows:

"The board of county commissioners in each county shall fill all vacancies occurring in any county, township, precinct, or road district office of such county by appointment, and officers thus appointed shall hold office till the next general election, and until their successors are elected and qualified."

Respondent contends that the requirement of Bal. Code, § 327, whereby it is provided that the judge of the superior court shall act with the county commissioners, in appointing a person to fill a vacancy on the board of county commissioners, is in violation of said § 6, art. 11, and, therefore, unconstitutional and void. We think this contention is correct, and should be sustained. There is no question but that a commissioner is a county officer, and that under the provision of said § 6, art. 11, the remaining members of the board of county commissioners have full authority to appoint a suitable person to fill any vacancy on the board, and that such authority is also granted by Bal. Code, § 346, above mentioned. *State ex rel. McMartin v. Whitney,* 9 Wash. 377, 37 Pac. 473.

The judgment of the superior court is affirmed.

MOUNT, C. J., ROOT, RUDKIN, and DUNBAR, JJ., concur.

HADLEY and FULLERTON, JJ., took no part.