HARVEY v. BOOTH FISHERIES CO. OF DELAWARE et al.

(District Court, W. D. Washington, N. D. October 27, 1915.)

No. 3029.

LIMITATION OF ACTIONS ☞35—LIMITATIONS APPLICABLE—ACTIONS ON PENAL STATUTE.

Sherman Anti-Trust Act July 2, 1890, c. 647, § 7, 26 Stat. 210 (Comp. St. 1913, § 8829), provides that any person who shall be injured in his business or property by any other person or corporation, by anything forbidden or declared to be unlawful by that act, may sue therefor and recover threefold the damages by him sustained, with costs and a reasonable attorney's fee. Rem. & Bal. Code Wash. § 159, subd. 2, requires an action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the per-

son or rights of another not thereinafter enumerated to be brought within three years. Subdivision 6 requires an action upon a statute for a penalty or forfeiture, where an action is given to the party aggrieved, or to such party and the state, to be brought within three years, except when the statute imposing it prescribes a different limitation. Section 165 provides that an action for relief not thereinbefore provided for shall be commenced within two years. *Held,* that an action for damages under the Sherman Act is properly brought within three years, as the statute upon which recovery is predicated is penal, while the right of recovery under section 7 is private and remedial, and under any view of the provisions of section 159 the two-year limitation does not apply.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 109, 158–167; Dec. Dig. ☞35.]

At Law. Action by George L. Harvey against Booth Fisheries Company of Delaware and others. On demurrer to the complaint. Demurrer overruled.

Alfred Gfeller, of Seattle, Wash., for plaintiff.

McClure & McClure, of Seattle, Wash., for defendant San Juan Fishing & Packing Co.

Bogle, Graves, Merritt & Bogle, of Seattle, Wash., for defendants Booth Fisheries Co. of Delaware, Booth Fisheries Co. of Washington, and International Fisheries Co.

Kerr & McCord, of Seattle, Wash., for defendant New England Fish Co.

W. S. Osborn, of Seattle, Wash., for defendant Occidental Fish Co.

NETERER, District Judge. The complaint in this case is based upon section 7 of the Act of July 2, 1890, 26 Stat. at Large, 209, 210, known as the Sherman Anti-Trust Act, which provides:

"Any person who shall be injured in his business or property by any other person or corporation by reason of anything forbidden or declared to be unlawful by this act, may sue therefor in any Circuit [District] Court of the United States in the district in which the defendant resides or is found, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the costs of suit, including a reasonable attorney's fee."

Defendants have demurred to the complaint upon the ground that it is barred by the statute of limitations, and does not state facts sufficient to constitute a cause of action. It is conceded that the state statute of limitations applies. Chattanooga Foundry v. Atlanta, 203 U. S. 390, 397, 27 Sup. Ct. 65, 51 L. Ed. 241. Plaintiff contends that the action must be commenced within three years (Remington & Ballinger's Codes of Washington, § 159, subds. 2 and 6), while defendants assert that the two-year limitation applies (section 165 of the same statute). The acts complained of are alleged to have been committed between September 1, 1911, and August 1, 1912, more than two and less than three years prior to the commencement of this action.

Defendants cite Quaker City National Bank v. Tacoma, 27 Wash. 259, 67 Pac. 710; Hinckley v. Seattle, 37 Wash. 271, 79 Pac. 779; Nestelle v. N. P. R. R. Co. (C. C.) 56 Fed. 261; Savannah & O. Canal Co. v. Shuman, 98 Ga. 171, 25 S. E. 415; Bigby v. Douglas, 123 Ga.

635, 51 S. E. 606; Wood v. Mich. Central Co., 81 Mich. 358, 45 N. W. 980; Duffies v. Duffies, 76 Wis. 374, 45 N. W. 522, 8 L. R. A. 420, 20 Am. St. Rep. 79; Welch v. Seattle & Montana R. R. Co., 56 Wash. 97, 105 Pac. 166, 26 L. R. A. (N. S.) 1047; Suter v. Wenatchee Water Power Co., 35 Wash. 1, 76 Pac. 298, 102 Am. St. Rep. 881; Denney v. Everett, 46 Wash. 342, 89 Pac. 934, 123 Am. St. Rep. 934.

Welch v. Seattle & Montana R. R. Co., supra, was an action by tenants of a building, for damages resulting from tunneling under property adjacent to the land on which the building was situated. It was held not to be an action for trespass, but an injury resulting indirectly from the act complained of, and within the two-year limitation of section 165, supra. In Suter v. Wenatchee Water Power Co., supra, damages were sought to real property by reason of an overflow caused by negligent construction of an irrigating canal. The two-year limitation was held applicable upon the same principle as in Welch v. Seattle & Montana R. R., supra. In Denney v. Everett, supra, damages to abutting property resulting from the change of a street grade was sought, and for the same reason the two-year limitation was held to apply.

Quaker City National Bank v. Tacoma, supra, is an action upon a warrant payable out of a special street improvement fund. Misappropriation of the moneys of that fund is alleged. The cause was not commenced within three years, as provided by section 159, supra, and was held demurrable on that ground; but the suit was sustained because of a new and subsequent promise to pay. In Hinckley v. Seattle, supra, a street assessment lien was held subject to the statute of limitations, and judgment thereon inoperative after a period of six years. In Nestelle v. Northern Pac. R. Co., supra, Judge Hanford held an action by an administrator to recover damages for the death of his wife to be within the provisions of section 165, Rem. & Bal., supra.

In Savannah & O. Canal Co. v. Shuman, supra, the charter of the defendant Canal Company required it to keep its canal "in good and sufficient order, condition and repair, and at all times free and open to the navigation of boats, rafts, * * * etc., for the transportation of goods, merchandise, and produce," etc. Failure to keep the canal in such a condition as to enable plaintiff to transport his lumber and wood over it in boats is the gravamen of the action. The trial court held the action within the limitation, under a statute providing that:

"All suits for the enforcement of rights accruing to individuals under statutes, acts of incorporation, or by operation of law, shall be brought within twenty years after the right of action accrues."

The Supreme Court of Georgia, in holding that limitation not applicable, said (98 Ga. at page 172, 25 S. E. at page 416):

"There is a duty imposed for the benefit of the public, and any member of the public who has sustained injury by reason of a breach of this duty has a right of action against the company; * * * but the fact that such a duty is imposed does not of itself create such a liability in favor of any individual as would bring the case within the section of the Code above quoted. In order to bring the case within this section, the liability would have to be one expressly created in favor of an individual, or a class to which he belongs, as

distinguished from one arising under the general law in favor of all persons who might be injured by a breach of the corporate duty."

The same principle was enunciated in Bigby v. Douglas, supra, by the same court, and applied to an action founded upon a statute giving to a surety the right of contribution against his cosureties. The court, in pointing out the distinction, said:

"In other words, the General Assembly had in contemplation rights conferred by law upon particular individuals, and not upon the general public, because they sustained a peculiar relation to the incorporators of certain chartered institutions, or were by special enactment given privileges in return for services to be performed by them for the benefit of the public, or were for some other reason entitled to enforce rights which they did not share in common with their fellow citizens."

In Wood v. Michigan Central, supra, it was held that an action for damages for wrongful entry, destruction of fences, etc., of plaintiff, being an action for trespass on the case, does not come within the two-year limitation applicable to actions for trespass. In Duffies v. Duffies, supra, 76 Wis. at page 379, 45 N. W. at page 524, appears the following:

" 'Personal rights' are not rights of person. The latter are physical, and the former are relative and general, and embrace all the rights any person may have, and all the wrongs he may suffer."

Plaintiff relies upon Robinson v. Baltimore & S. M. & R. Co., 26 Wash. 484, 67 Pac. 274; Quaker City National Bank Case, supra; Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123, Brady v. Daly, 175 U. S. 148, 20 Sup. Ct. 62, 44 L. Ed. 109; In re Aubrey, 36 Wash. 308, 78 Pac. 900, 104 Am. St. Rep. 952, 1 Ann. Cas. 927; State ex rel. Richey v. Smith, 42 Wash. 237–247, 84 Pac. 851, 5 L. R. A. (N. S.) 674, 114 Am. St. Rep. 114, 7 Ann. Cas. 577; Crum v. Johnson, 3 Neb. (Unof.) 826, 92 N. W. 1054.

Robinson v. Baltimore, etc., supra, was an action prosecuted by a widow for the death of her husband, and was held to be governed by the three-year limitation imposed by section 159, supra, under the clause "or for any other injury to the person or rights of another not hereinafter enumerated." In Huntington v. Attrill, supra, Justice Gray makes an extensive discussion of what constitutes a penal statute, and (146 U. S. at page 668, 13 Sup. Ct. at page 228, 36 L. Ed. 1123), says:

"The test whether a law is penal, in the strict and primary sense, is whether the wrong sought to be redressed is a wrong to the public, or a wrong to the individual, according to the classification of Blackstone: 'Wrongs are divisible into two sorts or species: Private wrongs and public wrongs.' "

And (146 U. S. at page 667, 13 Sup. Ct. at page 227, 36 L. Ed. 1123):

"Statutes giving a private action against the wrongdoer are sometimes spoken of as penal in their nature, but in such cases it has been pointed out that neither the liability imposed nor the remedy given is strictly penal. The action of an owner of property against the hundred to recover damages caused by a mob was said by Justices Willes and Buller to be 'penal against the hundred, but certainly remedial as to the sufferer.' Hyde v. Cogan, 2 Doug. 699, 705, 706."

228 F.—50

In Brady v. Daly, supra, 175 U. S. at pages 155, 156, 20 Sup. Ct. at page 65, 44 L. Ed. 109, it is said:

"As said by Mr. Justice Ashhurst in the King's Bench, and repeated by Mr. Justice Wilde in the Supreme Judicial Court of Massachusetts, 'it has been held, in many instances, that where a statute gives accumulative damages to the party grieved, it is not a penal action.' Woodgate v. Knatchbull, 2 T. R. 148, 154. * * * Thus a statute giving to a tenant, ousted without notice, double the yearly value of the premises against the landlord, has been held to be 'not like a penal law, where punishment is imposed for a crime,' but 'rather as a remedial than a penal law,' because 'the act indeed does give a penalty, but it is to the party grieved.'"

In re Aubrey, supra, and State ex rel. Richey v. Smith, supra, are cited to illustrate the proposition that every individual has the right to earn his livelihood in any lawful trade or avocation. Crum v. Johnson, supra, merely holds that, where different sections of the statute of limitations are equally applicable, the one allowing the longer period governs.

This is an action seeking redress for injury sustained by plaintiff in his business by reason of a public wrong by the doing of acts denounced by the Anti-Trust Act by the defendants. It was an invasion of the personal rights of the plaintiff, rights which are relative and general, and embraced rights which are common with all other persons, and as a part of the public he has a right of action for injury sustained. There is no liability to plaintiff by reason of any trespass which is expressly created in his favor, but only as it affects the public, by reason of which he suffers damages. A wrong against the public must first be done before he can be injured. The Supreme Court, in Chattanooga Foundry v. Atlanta, 203 U. S. 390, 27 Sup. Ct. 65, 51 L. Ed. 241, an action under section 7 of the Sherman Anti-Trust Act, in passing upon a statute of limitation of the state of Tennessee, providing that an action "for injury to personal property shall be commenced within three years" (203 U. S. at page 398, 27 Sup. Ct. at page 67, 51 L. Ed. 241), said:

"Of course, it was argued also that this was an injury to property, within the plain meaning of the words. But we are satisfied, on the whole, and in view of its juxtaposition with detention and conversion, that the phrase has a narrower intent. It may be that it has a somewhat broader scope than was intimated below, and that some wrongs are within it besides physical damage to tangible property. But there is a sufficiently clear distinction between injuries to property and 'injured in his business or property'; the latter being the language of the act of Congress. A man is injured in his property when his property is diminished. He would not be said to have suffered an injury to his property unless the harm fell upon some object more definite and less ideal than his total wealth. A trade-mark, or a trade-name, or a title, is property, and is regarded as an object capable of injury in various ways. But when a man is made poorer by an extravagant bill we do not regard his wealth as a unity, or the tort, if there is one, as directed against that unity as an object. We do not go behind the person of the sufferer. We say that he has been defrauded, or subjected to duress, or whatever it may be, and stop there."

Subdivision 2 of section 159, supra, I think clearly comes within this decision, and but for the provisions of subdivision 6 the contention of the defendants would have to be sustained. Subdivision 6, however, provides that "an action upon a statute for a penalty or for-

feiture, where an action is given to the *party aggrieved,* or to such party and the state, * * * " shall be commenced within three years, and to make it clear that the Legislature distinguished between the state and a private party, it is provided by section 160, Rem. & Bal. Washington Codes, subdivision 2, that "an action upon a statute for a forfeiture or penalty to the *state*" shall be commenced within two years. The statute upon which recovery is predicated is penal, but the right of recovery under section 7 sought in this action is private and remedial, and under any view of the provisions of section 159, supra, I think the two-year limitation does not apply, and that the complaint states facts sufficient to constitute a cause of action.

The demurrer is overruled.