[No. 13202. *En Banc.* January 10, 1916.]

THE STATE OF WASHINGTON, *on the Relation of Harold B. Gilbert, Prosecuting Attorney of Yakima County, Appellant,* v. W. L. DIMMICK *et al., Respondents.*[1]

COUNTIES—OFFICERS—VACANCIES. Const., art 11, § 6, providing that the board of county commissioners in each county shall fill all vacancies occurring in any county has no application to the filling of vacancies in the office of county commissioners where all three of the county commissioner's offices are vacant.

COUNTIES—COUNTY COMMISSIONERS—VACANCIES — APPOINTMENT— POWER OF LEGISLATURE—GOVERNOR—STATUTES. It being necessary to prevent an entire cessation of county government through the vacancy of all the offices of the county commissioners, in the absence of any constitutional provision covering such contingency, the power is necessarily lodged in the legislature; hence the governor may fill two of three such vacancies, under Rem. & Bal. Code, § 8988, providing that, when, during a recess of the legislature, a vacancy occurs in any office the appointment of which is vested in the legislature, the governor shall fill such vacancy by appointment.

Appeal from a judgment of the superior court for Yakima county, Preble, J., entered November 11, 1915, upon findings in favor of certain defendants, in *quo warranto* proceedings, after a hearing before the court. Affirmed.

*Harold B. Gilbert,* for appellant.

*Snively & Bounds,* for respondents.

MOUNT, J.—This is a proceeding in *quo warranto* to determine which of two sets of persons claiming to be county

[1]Reported in 154 Pac. 163.

commissioners of Yakima county are entitled to hold such office. The trial court concluded that the respondents W. L. Dimmick, W. E. Coumbe, and Yancey Freeman were the legally qualified commissioners, and entered a judgment to that effect. The relator has appealed therefrom.

The facts are not in dispute. It appears that, prior to October 6, 1915, J. Lancaster, J. Stuart, and William Stahlhut, were the duly elected and qualified commissioners of Yakima county. On that day a recall election was held in compliance with ch. 146 of the Laws of 1913, p. 454 (3 Rem. & Bal. Code, § 4940-1 *et seq.*), and these officers were all recalled. Under the provisions of § 13 (Id., § 4940-13) of that act, the offices of all three of the county commissioners became vacant. Thereupon the governor appointed Messrs. Dimmick and Coumbe as commissioners for the first and second districts. These officers then qualified, and appointed Mr. Freeman as commissioner of the third district. Mr. Freeman thereupon qualified as county commissioner.

The question in the case is whether the governor, under the constitution and laws of the state, was authorized to appoint these commissioners in the place of those recalled. Section 13 of ch. 146 of the Laws of 1913, p. 461 (Id., § 4940-13), after providing that after the recall of such officers and the vacancy of the offices caused thereby, provides,

"And such vacancy shall be filled in the manner provided by the constitution and the laws of the state of Washington, or the charter and ordinances of the municipality, as the case may be."

The constitution, § 6 of article 11, provides:

"The board of county commissioners in each county shall fill all vacancies occurring in any county, township, precinct or road district office of such county by appointment, and officers thus appointed shall hold office till the next general election, and until their successors are elected and qualified."

It is apparent that this section does not control in this case, because at the time of the appointment by the governor,

the offices of all three of the commissioners of Yakima county were vacant on account of the election of October 6, 1915. There is no other provision of the constitution directly referring to the manner in which the office of county commissioners may be filled when all of such offices become vacant at one time.

In the case of *State ex rel. Pendergast v. Fulton*, 37 Wash. 271, 79 Pac. 779, where one vacancy had occurred, and the legislature had passed an act authorizing the judge of the superior court to act with the remaining members of the board of county commissioners, it was held that the act was in violation of the provisions of the constitution above quoted, and that it was the duty of the remaining commissioners to fill the vacancy.

The constitution, at § 5 of article 3, provides as follows:

"The governor may require information in writing from the officers of the state upon any subject relating to the duties of their respective offices, and shall see that the laws are faithfully executed."

Section 13 of that article provides:

"When, during a recess of the legislature, a vacancy shall happen in any office the appointment to which is vested in the legislature, or when at any time a vacancy shall have occurred in any other state office for the filling of which vacancy no provision is made elsewhere in this constitution, the governor shall fill such vacancy by appointment, which shall expire when a successor shall have been elected and qualified."

The legislature of 1890 passed an act relating to the general powers and duties of the governor, Rem. & Bal. Code, § 8988 (P. C. 485 § 185), which provides:

"In addition to those prescribed by the constitution, the governor has the power and may perform the duties prescribed in this and the following sections:— . . . (2)— To see that all offices are filled, and the duties thereof performed, or in default thereof, apply such remedy as the law

allows; and if the remedy is imperfect, acquaint the legislature therewith at its next session."

It is contended by the respondent that the provision in § 5 of art. 3 of the constitution, above quoted, that the governor "shall see that the laws are faithfully executed," is sufficient to authorize the appointment of county commissioners under the circumstances in this case; and that § 13, to the effect that when, during a recess of the legislature, a vacancy shall happen in any office, the appointment to which is vested in the legislature, the governor shall fill such vacancy by appointment, is sufficient to authorize the appointment. We think it is not necessary to enter into a discussion as to the proper construction of these two constitutional provisions. We think it is plain that if the legislature was in session, and a vacancy should occur in a county office for which the constitution made no provision to fill, that the legislature might fill such vacancy.

In the case of *Farquharson v. Yeargin*, 24 Wash. 549, 64 Pac. 717, this court held that the legislature in the creation of a new county might authorize the governor to appoint commissioners for the new county, and that such authorization was not in contravention of the constitution. It follows from that decision that if all the commissioners of a county are recalled, or for some reason all three of the commissioners' offices should become vacant, upon the happening of some contingency, the legislature would clearly have a right by legislative act to authorize the governor to fill such offices by appointment on account of the emergency.

The county commissioners of a county are the business agents of the county, and the ordinary business of a county cannot be conducted without their authorization. It follows that when all the offices of county commissioners in a county become vacant, there is necessarily a cessation of county government, and there must be some power lodged somewhere to prevent such hiatus. This has been done by the legislature.

The act of 1890, above referred to, provides that, in addition to the powers prescribed by the constitution, the governor has power "to see that all offices are filled,. and the duties thereof performed." We think it is plain that the legislature had the right to pass this act, and that, where there is no provision in the constitution for the appointment of commissioners of a county, and where a majority of the offices of the board of county commissioners become vacant, then it is within the power of the governor to fill such vacancy by appointment. This seems so clear that it is not necessary to further inquire into the subject, or discuss decisions from other states upon the question. We have no doubt that, under the statute of 1890, the governor was authorized to make the appointments which he did make, and that these officers are *de jure* officers, and are qualified county commissioners of Yakima county.

The judgment appealed from is therefore affirmed.

MORRIS, C. J., ELLIS, CHADWICK, FULLERTON, PARKER, HOLCOMB, and MAIN, JJ., concur.