### HILL v. FOURTH NATIONAL BANK OF MACON.

ATKINSON, J. 1. A married woman owned certain shares of capital stock in a corporation, of a stated value. The husband of the woman, having obtained from a bank loans for which fictitious "cotton receipts" had been pledged as collateral security, was threatened with a criminal prosecution. In the circumstances, on September 7, 1916, the woman, under persuasion and coercion by the husband and the officers of the bank, transferred the shares of stock in order to pay the husband's debt and avoid the criminal prosecution. At the same time and place the officers of the bank caused to be prepared a letter and required the woman to sign it, stating "that she was transferring the stock . . to her . . husband . . as a gift." On September 3, 1921, the woman instituted an action against the bank, without making her husband a party defendant. The petition alleged all that is stated above; and further, that the transfer of the stock was the result of a fraudulent scheme between the bank and the husband to procure the stock for the purpose of paying the debts of the husband to the bank; and that the transfer " is absolutely void." The prayers were: (*a*) for an accounting; (*b*) for recovery of the stock from the bank, or the value thereof; and (*c*) for process. By an amendment a prayer was added for cancellation of " the conveyance hereinbefore referred to." *Held*: (*a*) Construing the peti-

tion most strongly against the pleader, the action is against the bank for recovery of personal property on the ground of a conversion.. (b) It is insisted in the brief for the attorneys of the plaintiff in error that the prayer for recovery of the stock or its value was merely incidental to cancellation of the gift to the husband; but this could not be true, especially as the husband was not a party to the suit.

2. The statute of limitations applicable to this case is that contained in the Civil Code, § 4496(a), which declares: "All suits for the recovery of personal property, or for damages for the conversion or destruction of the same, shall be brought within four years after the right of action accrues, and not after." The action not being against the husband, the limitation expressed in the Civil Code, § 4152, relating to avoidance of gifts by persons just arriving at majority etc., to their parents, guardians, trustees, etc., can have no application.

3. As the petition shows upon its face that the action was not commenced within four years after the alleged conversion, whether or not the allegations were sufficient to set forth a cause of action, the petition was subject to demurrer on the ground that it appeared 'that the action was barred by the statute of limitations.

4. The judge did not err in dismissing the petition on demurrer.

*Judgment affirmed. All the Justices concur.*

No. 3679. October 9, 1923. Rehearing denied November 27, 1923.

Equitable petition. Before Judge Malcolm D. Jones. Bibb superior court. February 17, 1923.

*W. D. Crawford* and *Jere M. Moore,* for plaintiff.

*Jones, Park & Johnston,* for defendant.