508

Frank C. Hendryx, of Washington, D. C., for appellant.

John W. Crenshaw, of Atlanta, Ga., for appellee.

Before SIBLEY and WALKER, Circuit Judges, and HOLMES, District Judge.

SIBLEY, Circuit Judge.

The appeal is from a judgment dismissing on demurrer a petition which was held to show on its face that it was barred by limitation. The petition alleged in substance that the petitioner, Mrs. C. J. Hendryx, was in July, 1923, a married woman, living with her husband in Georgia, and having a separate estate. Her husband was in the employ of E. C. Atkins & Co. and in the course of the employment had become indebted to them in a sum of $4,-610.94. He requested and importuned her to pay the debt to prevent his discharge, and she having obtained a bank draft on New York for that amount payable to herself indorsed it to E. C. Atkins & Co., who collected it and retained the proceeds in payment of the husband's debt with full knowledge that the payment was from the wife's separate estate. She demanded repayment of the sum in June, 1934, and shortly after sued, praying judgment for the amount paid, with interest.

The defense of limitation may be raised in Georgia by demurrer when the bar is apparent on the face of the petition. Hill v. Fourth National Bank, 156 Ga. 704, 120 S. E. 1. The petitioner, now appellant, contends that the applicable limitation is Georgia Civil Code of 1910, § 4360: "All suits for the enforcement of rights accruing to individuals under statutes, acts of incorporation, or by operation of law, shall be brought within twenty years after the right of action accrues." The contrary contention is that this right of action is not of that sort, but if regarded as in tort for the conversion of the draft or its proceeds is limited by Park's Ann. Civ. Code, § 4496 (a), barring suits for such causes if not brought within four years from their accrual, or if a suit in contract for money had and received it is barred in four years by section 4368, Civ. Code 1910. The statute on which petitioner relies as giving her a right of action such as is described in section 4360 is section 3007, reading thus: "The wife is a feme sole as to her separate estate, unless controlled by the settlement. Every restriction upon her power in it must be complied with; but while the wife may contract, she cannot bind her separate estate by any

contract of suretyship, nor by any assumption of the debts of her husband, and any sale of her separate estate, made to a creditor of her husband in extinguishment of his debts, shall be absolutely void." We do not doubt that by the terms of this statute the indorsement of Mrs. Hendryx transferring this draft to her husband's creditors in extinguishment of his debt was void and they acquired no title to it. When they collected it for their own use, they converted it, and she might have sued at once for its value. Or she might have waived the tort and sued for the proceeds of the draft as money had and received to her use on an implied promise to repay it. No demand was necessary, since the transaction was not a deposit but the draft and money were held by the creditors as their own. Bank of Waynesboro v. Walters, 135 Ga. 643, 70 S. E. 244. Her request for repayment in June, 1934, did not give her a new cause of action if the old one was barred. We are of opinion that it was barred, whether treated as for conversion of her property or as for money had and received. The ordinary four years' limitation, and not that of twenty years, is applicable. The latter limitation was enacted for rights of action given to individuals by special legislative acts, such as a statute of incorporation. Harris v. Smith, 68 Ga. 461. Refusals to apply it to other rights of action accruing to members of the public from general statutes may be seen in Harris v. Smith, supra; Savannah & Ogeechee Canal Co. v. Shuman, 98 Ga. 171, 25 S. E. 415; Bigby, Executrix, v. Douglas, Administrator, 123 Ga. 635, 51 S. E. 606; Anderson v. Anderson (D. C.) 23 F.(2d) 331, affirmed Anderson v. Pennington (C. C. A.) 28 F.(2d) 1007. Whenever in Georgia a wife sues as a feme sole respecting her separate property, she does so as much by virtue of the quoted statute as does the wife suing to recover from a creditor of her husband. It has never been supposed that a married woman's litigation fell under the twenty years' limitation rather than under the limitations applying to femes sole and other litigants. Indeed, since Georgia is a Code state, most rights of action are given by or expressed in some statute, but they are not therefore rights of action given to special individuals by special legislation within the scope of section 4360. In Hill v. Fourth National Bank, supra, the four-year limitation was applied in a case much like this without mention of section

4360. The court did not err in holding this suit to be barred four years after the draft was transferred and collected.

Judgment affirmed.