SEPTEMBER TERM, 1879. 471

The Georgia Masonic Insurance Co. *vs.* Davis *et al.*, executors.

| 63 | 471 |
|-----|-----|
| 125 | 729 |

THE GEORGIA MASONIC INSURANCE COMPANY *vs.* DAVIS *et al.,* executors.

Where a corporation was chartered for the purpose of insuring the lives of its members upon the payment by each, of such sum or sums as might be prescribed by the laws and regulations of the company, and the charter provided that the amount due upon the decease of a member should be paid to the person or persons entitled to the same according to the by-laws, or to such person or persons as may have been designated by his last will, and that in all cases the same should be free from any debt, contract or liability of the deceased member, and not subject to any lien against him by judgment or otherwise, and where, according to the by-laws adopted, the amount to be paid by the company in consequence of the death of a member, and the time of payment, were dependent, not upon any separate contract between the corporation and the member, but upon the general provisions of the by-laws themselves, the liability of the corporation to make payment according to the charter and by-laws is a statutory liability, and the period of limitation applicable to an action to enforce payment is twenty years.

Statute of limitations. Corporations. Before Judge SIMMONS. Bibb Superior Court. April Term, 1879.

Reported in the opinion.

Lanier & Anderson, for plaintiff in error.

Lyon & Gresham; Washington Dessau; Davis & Nottingham, for defendants.

Bleckley, Justice.

Action of complaint was brought by the defendants in error, both as executors and as trustees in respect to the fund sued for under the will of Wm. M. Davis, against the plaintiff in error, for a balance claimed as insurance upon the life of said Wm. M. Davis. The suit was commenced June 25th, 1877, Davis having died January 6th, 1870. The declaration, as amended, counted on the charter and the by-laws of the insurance company, together with an instrument in the following terms, dated May 15th, 1867, and signed by the president of the company, and countersigned by the secretary: "This is to certify that William M. Davis, a master mason, and a member of Houston Lodge, No. 55, has paid the admittance fee of six dollars, and was elected a member of the Georgia Masonic Mutual Life Insurance Company on the 15th of May, 1867, and is entitled to all the benefits of said association upon his paying one dollar and ten cents within ten days after receiving notice of the death of any member of the company."

The charter of the company was an act of the general assembly, approved October 7th, 1868. This act created certain named persons and their associates and successors, a body politic and corporate, for the purpose of insuring the lives of each other, upon the payment, by each member of the company, of such sum or sums as might be prescribed by the laws and regulations of the corporation. It declared that the members should be master masons, in good standing, and that the amount due upon the decease of a member should be paid to the person or persons entitled to the same according to the by-laws, or to such person or persons as the member might designate by his last will; and that in

all cases the same should be paid to such person or persons as might be entitled thereto, free from any debt, contract or liability of the deceased member, and not to be subject to any lien against him by judgment or otherwise. Pamph. acts 1868, p. 54. The by-laws of the corporation divided the members into several classes, and provided for making a call by the company upon survivors for a contribution of one dollar and ten cents each, on the death of any member of their class. Proofs of death were required to be made, and within sixty days after their reception and approval, the insurance upon the life of the deceased member was to become due from the company. The by-laws designated to whom payment was to be made in case of no appointment by will.

The company pleaded to the action not indebted, payment and the statute of limitations. Evidence was introduced at the trial by both parties. The jury found for the plaintiffs below, and the defendant moved for a new trial on several grounds, among them, because the court erred in charging the jury that the limitation period applicable to the action was not six years, but twenty years. The correctness or incorrectness of this charge was the only matter argued in the supreme court.

The real question is, whether the liability sought to be enforced by the action is statutory, or dependent upon a simple contract in writing. The Code declares that, "all suits for the enforcement of rights accruing to individuals under statutes, acts of incorporation, or by operation of law, shall be brought within twenty years after the right of action accrues"; and that, "all actions upon promissory notes, bills of exchange, or other simple contracts in writing, shall be brought within six years after the same becomes due and payable." Code, §§2916, 2917. There was a contract between the deceased member, Davis, and the company or association; but the scope of that contract was only as to the terms of his admission as a member, and of the continuance of his membership. It was, perhaps, by

virtue of the contract that he entered the corporate body afterwards created and remained within it. There has been no violation of the contract by either party, and the right to membership which it gave terminated at his death; the contract was then fully executed. What the corporation has failed in is in not complying with its charter and by-laws since his death. The charter declared that the amount due upon the decease of a member should be paid to the person or persons entitled to the same according to the by-laws, or to such person or persons as the member might designate by last will. The by-laws provided for making a call by the company upon survivors for a contribution of one dollar and ten cents each, on the death of any member of their class; and prescribed that within sixty days after the reception and approval of the proofs of death, the insurance on the life of the deceased member should become due from the company. They also followed the charter in recognizing the power of appointing the beneficiaries by will, and went on to designate to whom payment should be made in case of no such appointment. Davis having died a member and made an appointment by will, the charter and by-laws made it the duty of the corporation to pay to the appointee or appointees, at or before the expiration of sixty days from the reception and approval of the proofs of his death, the amount (equal to $1.10 from each survivor of his class) which the by-laws fixed as the sum insured upon his life. The non-performance of this duty is the default for which the present action was brought. The deceased, in his life-time, planted a contract, and from that root sprang up a statutory right, the measure of which is found in the charter and by-laws, and to gather in the fruits of that right the action is prosecuted. The purpose of the suit is not to burrow after the contract, but to shake the tree which express enactment of the law has made to grow out of it. 8 *Ga.*, 469; 10 *Ib.*, 162; 11 *Ib.*, 460; 12 *Ib.*, 104; 18 *Ib.*, 341.

Cited by counsel, 8 *Ga.*, 478; 10 *Ib.*, 162; 13 *Ib.*, 299;

49 *Ib.*, 419; Code, §§2916, 2917; 10 *Ga.*, 164; 11 *Ib.*, 498, 500; 32 *Ib.*, 255; 30 *Ib.*, 599, 600; 12 *Ib.*, 116; 1 Mason, 243; 3 Paige, 416; Ang. on Lim., 83 to 85; 76 E. C. L. Rep., 835; 11 Exch., 55; Code, §2837.

Judgment affirmed.