## HARRIS *vs.* SMITH.

An action by a defendant in *fi. fa.* against the sheriff for the balance of funds in his hands arising from a sale under the *fi. fa.* after paying it off, is barred in four years.

(*a.*) The provision in §2916 of the Code that suits for the enforcement of rights arising under statutes, acts of incorporation, "or by operation of law" should be barred in twenty years, was not intended to include every case of implied assumpsit, but the last clause applied to such rights as arose in connection with or through statutes or acts of incorporation, though not strictly under the very words thereof.

Contracts. Laws. Statute of Limitations. Before Judge HOOD. Randolph Superior Court. November Term, 1881.

Reported in the decision.

JOHN T. CLARKE & SON, for plaintiff in error.

KENNON & HOOD, for defendant.

CRAWFORD, Justice.

In May, 1875, L. A. Smith, the defendant in error, sold, as sheriff of Randolph county, under execution, certain property of James M. Harris, the defendant in error, and after settling the *fi. fa.* in full, there remained of the money arising from the sale, as alleged by Harris, $122.60.

At the May term, 1881, of the superior court for said county, Harris brought a rule against Smith for this money. In answer to the rule Smith showed for cause payment, and the statute of limitations of four years.

Counsel for movant demurred to the plea of the statute of limitations, on the ground that this liability arose by operation of law, and that the statutory bar was twenty years. The demurrer was overruled, and that is the error assigned.

It is admitted that prior to the act of 1855–6, Code, §2916, sheriffs were protected by the four years statute of limitations, but by that act it was changed to twenty.

It declares that all suits for the enforcement of rights arising under statutes, acts of incorporation, or by operation of law shall be brought in twenty years after the right of action accrues.

We cannot concur with the learned counsel who argued this case, that the words relied upon were ever intended to apply to such a liability as that which is made by this record.

But, if it is asked, if they do not refer to such a case, then to what class of cases were they intended to apply ? In looking at the act itself, we find that the legislature was dealing with rights accruing to individuals under statutes, and acts of incorporation, the latter of which, especially about the date of the passage of the act, had given rise to great litigation in the state. In some of the cases growing out of both statutory and charter liabilities of parties, it was held that obligations arose which were " *quasi ex contractu*, and imposed by operation of mere

law." *Banks vs. Darden*, 18 *Ga.*, 341. Looking at the act and the judicial decisions of the times, it would seem that these words were intended to apply to such rights as arise in connection with, though not strictly under, the very words of the statutes or acts of incorporation.

But that it does not apply to the case before us we think very clear; if, indeed, it were made so to apply, we are at a loss to see where it would stop; for every right to recover arises in some way by operation of law, and if we stick to the letter of this act there would be but few cases barred by the statute of four years.

The books are full of authority to the effect that "whenever there is a right on one side and a duty on the other, founded on a sufficient consideration, the law implies a contract, and an action will lie for its enforcement."

All actions, says the Code, arising upon any implied assumpsit or undertaking, must be brought in four years after the right accrues. This liability falls beyond question under this section, and the court was right in overruling the demurrer. 9 *Ga.*, 413.

Judgment affirmed.