## ANDERSON v. ANDERSON et al.

District Court, N. D. Georgia, Atlanta Division. December 31, 1927.

No. 472.

**1. Courts ⬥375—State statutes of limitation apply in suits to recover against directors of national banks, in absence of limitation by Congress.**

In suits to recover against directors of national banks, where no limitation is prescribed by Congress, state statutes of limitations apply.

**2. Banks and banking ⬥254—Petition against directors of failed national banking association, not charging willful violation of duty, held within state's four-year statute of limitation (12 USCA § 93; Park's Ann. Civ. Code Ga. § 4360).**

Petition in suit against directors of national banking association, not charging directly and specifically any willful and knowing viola-

tion of duty under any particular provision of the National Banking Act, *held* not based on 12 USCA § 93, and hence within general statute of state applying to suits for negligence with limitation of four years, and not within Park's Ann. Civ. Code Ga. § 4360, providing limitation of .twenty years in case of special liability created by special charter or statute.

In Equity. Suit by E. F. Anderson, receiver, against James C. Anderson, W. B. R. Pennington, and others. On motion of defendant Pennington to dismiss the bill as to him.˙ Dismissed as to defendant Pennington.

Smith, Hammond & Smith, of Atlanta, Ga. (Victor L. Smith, of Atlanta, Ga., of counsel), for plaintiff.

Little, Powell, Smith & Goldstein, of Atlanta, Ga., for defendant Pennington.

A. S. Thurman, of Monticello, Ga., and Lamar C. Rucker, of Athens, Ga., for other defendants.

SIBLEY, District Judge. [1, 2] This bill in·equity is brought against the directors of a failed national banking association by the receiver. It discloses, in paragraph 16, that W. B. R. Pennington, one of the defendants, ceased to be a director in the year 1921, six years before the bringing of this suit. Nothing is alleged in the petition in the way of concealment or otherwise to toll the statute of limitations as to him. He thereupon moves to dismiss the bill as to him ·on the ground that the matters complained of in it occurred, and any liability on his part therefor accrued, more than four years prior to the filing of the bill. The contrary contention is that the Georgia statute (Park's Ann. Civ. Code, §' 4360), providing "all suits for the enforcement of rights accruing to individuals under statutes, acts of incorporation, or by operation of law, shall be brought within twenty years after the right of action accrues," is to be applied, and that twenty years not having expired, the defendant is still liable. It is true that section 93 of title 12 of the United States Code declares that every director who participates in or assents to any knowing violation or knowing permission to violate any of the provisions of the national banking law shall be held liable in his personal and individual capacity for all damages which the association, its shareholders, or any other person, shall have sustained in consequence of such violation. The liability here declared does not annul the common-law duty to exercise ordinary care and prudence as a director, and violations both of the statutory and com-

mon-law duty may be asserted in one suit.˙ Bowerman v. Hamner, 250 U. S. 504, 39 S. Ct. 549, 63 L. Ed. 1113.

In the present petition there does not appear to be any direct and specific charge of a willful and knowing violation of duty under any particular provision of the National Banking Act. I do not think the petition should be held to set forth a cause of action under Code, section 93 of title 12. There are references to "excess loans" and "bad loans" made by the several boards of directors, but in each case the charge is that they acted negligently and without proper care. There is no charge of willful or knowing violation of any particular provision of the National Banking Act. It is settled that, in suits to recover against directors of national banks, where no limitation is prescribed by Congress, the state statutes of limitations apply. Curtis, Receiver, v. Connly, 257 U. S. 260, 42 S. Ct. 100, 66 L. Ed. 222; McClaine v. Rankin, 197 U. S. 154, 25 S. Ct. 410, 49 L. Ed. 702, 3 Ann. Cas. 500. The general statutes of Georgia apply to suits for negligence a limitation of four years. The statute just above quoted could only apply if the suit had been based upon section 93, tit. 12, of the United States Code. Holding that this suit is not so based, the four-year limitation is obviously correct. Council, Receiver, v. Brown, 151 Ga. 564, 107 S. E. 867. If the suit can be considered as one based upon the federal statute, I should still be of opinion that it was not a case covered by the Georgia Code, § 4360, above quoted. That applies to cases in which there is a special liability created by a special charter or statute, as instanced in numerous cases in the early Georgia reports. The distinction to be observed is pointed out in Savannah Canal Co. v. Shuman, 98 Ga. 171, 25 S. E. 415, and Bigby v. Douglas, 123' Ga. 635, 51 S. E. 606.

Where all persons injured by a breach of duty are given a right of action, and not particular individuals, the fact that a right of action is founded upon a statute does not introduce the twenty-year limitation. Thus, although there is a Georgia statute declaring that a railroad company shall be liable to all persons who are injured in their person or property by the running or operation of their trains, unless the company shall make it appear that they and their agents exercised all reasonable and ordinary care and diligence, this statutory liability so declared has never been supposed to be under the twenty-year limitation. So, a statute of Georgia gives a right of recovery to various classes of persons injured by the homicide

of another, but no one has ever contended that this liability came under the twenty-year limitation. In these and numerous other cases the uniform construction of the law has been that the ordinary statutes of limitations apply. Section 93 of title 12 of the United States Code permits recovery to every person damaged, according to the damage he has suffered, and, although several classes are named, the provision is so broad as manifestly not to create a statutory liability in favor of individuals such as is contemplated by Georgia Code, § 4360.

I therefore hold that under no view of the petition, or any element of damage sought to be recovered therein can a longer period of limitation be applied than four years. It follows that as to Pennington no cause of action is set forth, and the bill will be dismissed as to him.