## NIXON *et al.* v. NIXON.

No. 14507. JUNE 11, 1943. REHEARING DENIED JULY 9, 1943.

*Maddox & Griffin,* for plaintiffs. *Joe M. Lang* and *Wright, Willingham & Fullbright,* for defendant.

DUCKWORTH, Justice. ■ The word "suits" as used in the Code, § 3-704, is a general term denoting any legal proceeding in a court. In re Oliver's Guardianship, 77 Ohio St. 474 (83 N. E. 795). Webster defines the word "suit" to be "an action or process in a court for the recovery of a right or claim; legal application to a court for justice; prosecution of right before any tribunal." An application under the Code, § 113-1002, for a year's support is a

suit in a court to recover a right. It may be challenged by a caveat, and the issues thus made will be tried and adjudicated. Therefore it is a suit as contemplated by § 3-704. See Code, §§ 3-101, 3-102, 3-104.

■ The next question requiring an answer is whether or not the right to a year's support is one "accruing to individuals under statutes . . or by operation of law," which renders an application therefor subject to the twenty-year limitation provided in § 3-704. This court has in numerous decisions attempted to define the rights embraced in the twenty-year limitation statute, supra. We will not now attempt to make a complete analysis of all such decisions, most of which were dealing with "acts of incorporation" found in the limitation statute. But it is thought that an examination of some of them, although they were not dealing with the right to a year's support, will aid in arriving at a proper conclusion on the questions now presented. In *Harris* v. *Smith*, 68 *Ga.* 461, suit was brought against a sheriff by a defendant in fi. fa., seeking to recover the proceeds of an execution sale which were left after full satisfaction of the execution. The suit was filed more than four years after the plaintiff's right to sue had accrued, but he contended that he was seeking to enforce a right accrued by operation of law, and hence that the applicable statute of limitation was twenty years. This court, in holding that the action was barred and that the twenty-year statute did not apply, observed that at the time the twenty-year statute was enacted there was much litigation involving acts of incorporation, but said that looking at the act and the cases it would seem that the law was intended to apply to such rights as arise in connection with though not strictly under the very words of the statutes or acts of incorporation. It was pointed out that if the act applied to cases like the one there considered, it would be difficult to see where it would stop, since every right to recover arises in some way by operation of law, and to stick to the letter of the twenty-year limitation section would leave but few cases barred by the four-year section. In that case there was no statute expressly giving the right to the plaintiff, but he was suing because of the defendant's breach of duty imposing upon him the obligation to account for the funds in hand. Section 18 of the act of 1856 (Ga. L. 1855-56, p. 233) fixed a limitation of four years.

*Savannah Canal Co.* v. *Shuman*, 98 *Ga.* 171 (25 S. E. 415), in-

volved a suit against a corporation for damages, the charter of the defendant imposing upon it certain duties. The plaintiff sued to recover for injuries sustained because of the failure of the corporation to perform the duties imposed by its charter. The suit was held barred after four years from the time the right of action accrued. This court said: "In order to bring the case within this section [§ 3-704], the liability would have to be one expressly created in favor of an individual or a class to which he belongs, as distinguished from one arising under the general law in favor of all persons who might be injured by a breach of the corporate duty. If the charter had declared that in case the company should fail to keep its canal in good condition and repair, and any person should be injured thereby, the company should be liable to such person for the injury, this would have created such a statutory right in favor of a person injured as would render this section of the code applicable." It is clear that this court there reasoned that since the charter provisions imposed a duty upon the corporation, instead of expressly conferring a right upon the injured person, the plaintiff had no right under the charter provisions as contemplated by the twenty-year limitation statute. That decision is authority for a construction that any statute specifically conferring rights upon an individual or a class to which an individual belongs is embraced in the twenty-year limitation law.

In *Bigby* v. *Douglas*, 123 *Ga.* 635 (51 S. E. 606), the legal representative of one estate brought suit against the cosureties of his testator, for contribution, under the Code, § 2992 [§ 103-401], which provides that where one surety pays more than his share he may compel contribution from his cosureties. Suit was filed more than four years after demand had been made. The plaintiff contended that the right he sought to enforce was one arising in virtue of the above statute, and hence that the suit to enforce the right might be brought at any time within twenty years, as provided in § 3-704. In rejecting such contention this court said: "The evident purpose of this section [§ 3-704] is to fix a period of limitation for special cases not provided for by the general statute of limitations, or otherwise, where rights accruing to 'individuals' are sought to be enforced. A statutory liability is one that depends for its existence upon the enactment of a statute, and not upon the contract of the parties." It was pointed out that the right involved

in that action was of common-law origin rather than statutory. Conceding that the right of the surety to obtain contribution from his cosureties as prescribed by the Code is of common-law origin, this fact would not be sufficient to prevent it from being a right accruing to a class of individuals by operation of law. That decision did not have the concurrence of all six of the Justices, and hence it is not controlling authority.

In *Williams* v. *Clemons,* 178 *Ga.* 619 (173 S. E. 718), a decision concurred in by all the Justices, this court had under consideration a suit by a creditor of a corporation, under the Code, § 2220 [§ 22-707], which provides that "Persons who organize a company and transact business in its name, before the minimum capital stock has been subscribed for, are liable to creditors to make good the minimum capital stock with interest." The suit was brought twelve years after the corporation was organized. The demurrer contended that the plaintiff's right to sue was barred. The demurrer was overruled, and that judgment was affirmed by this court. In the opinion it was stated that the provisions of § 3-704 were not involved. The statute upon which the petition was predicated expressly conferred upon designated persons a right to require by suit payment of the minimum capital stock plus interest. Thus it appears that the right there involved was one accruing under a statute or law, and one that was specifically conferred upon a class of individuals as distinguished from the general public. It would be difficult to reconcile some language in that opinion with what was said in the older decision of *Savannah Canal Co.* v. *Shuman,* supra. Compare *Wheatley* v. *Glover,* 125 *Ga.* 710 (19), 728 (54 S. E. 626). In the *Shuman* case it was held that had the charter there involved specifically conferred a right upon an injured person to sue a corporation for its failure to perform a duty imposed by its charter, such a right would be one accruing under a statute, and would be subject to the twenty-year limitation law. We believe that the two decisions may be reconciled by a recognition of the fact that in the later decision this court stated that the twenty-year limitation statute was not involved, and it could not have been involved since the full period of time was only twelve years; and it was held that the action was not barred by the four-year statute. While the opinion discussed the twenty-year statute, it would appear that all reference thereto was obiter dicta and does not amount to a bind-

ing construction of that statute; but if there is any conflict in the two decisions, the older must control.

Another decision frequently cited is Anderson *v.* Anderson, 23 Fed. 2d, 331. The statute on which the suit there against the directors of a national bank was based rendered the directors liable for knowingly violating the banking law,; and the opinion pointed out that there was no evidence to show knowledge on the part of the directors, and hence no case under the statute was made. Having thus shown that no case was made under the statute, the court proceeded upon a discussion of § 3-704, and in the opinion it was said that this section "applies to cases in which there is a special liability created by a special charter or statute, as instanced in numerous cases in the early Georgia Reports. The distinction to be observed is pointed out in *Savannah Canal Co.* v. *Shuman,* 98 *Ga.* 171, 25 S. E. 415, and *Bigby* v. *Douglas,* 123 *Ga.* 635, 51 S. E. 606." The opinion asserts that where all persons injured by a breach of duty are given a right of action, and not particular individuals, the fact that a right of action is founded upon a statute does not introduce the twenty-year limitation. Since the opinion cites as authority on the question *Savannah Canal Co.* v. *Shuman,* supra, it is plain that the Federal court intended that its opinion should harmonize rather than conflict with the stated Georgia cases.

One important feature of § 3-704 pointed out in the decisions thus far considered is that it refers to statutes, etc., that confer rights upon specified individuals or a designated class of individuals, and not upon the general public as a whole. In the discussion many theories were thoroughly considered and rejected by the majority of the court, and some of these were relied upon in the dissenting opinion. It is thought that the views of the majority on some of those matters should be here set forth. It is remembered that the Court of Appeals sought clarification of the questions involved in this case; and it is important to the general public that a question of this nature should not be left in a cloud of confusion and uncertainty. The dissenting opinion directs attention to the act of 1856 (Ga. L. 1855-56, p. 233), from section 12 of which act the present Code § 3-704 was codified; and after observing that sec. 13 of that act specifies an application for dower and fixes a limitation of seven years thereon; and that sec. 12 failed to specify an

application for a year's support, it is, and we think illogically, deduced therefrom that it was not the legislative intent that an application for a year's support be subject to the twenty-year limitation fixed in sec. 12. The act of 1856 contains forty-two sections; and it was there sought to provide a limitation of time to apply to every suit at law in this State. The caption of the act in part declares: "An act limiting the time in which suits in the courts of law in this State must be brought." It is provided in sec. 41 of the act that all laws limiting the time in which suits are to be brought in the courts of law in this State be and the same are repealed. Sec. 13 of the act is but a re-enactment of an act approved December 21, 1839 (Ga. L. 1839, p. 145). In view of the repealing provision in sec. 41, it was necessary, if the seven-year limitation was to be retained on an application for dower, to re-enact, as was done in sec. 13. By the previous enactment the legislature had signified a desire, for reasons satisfactory to it, that the limitation of seven years be applicable to such an application. There had been no such previous legislative expression relatively to an application for year's support. Hence we think that there are no circumstances connected with these provisions authorizing a conclusion that the legislature signified an intent that sec. 12 should not mean what it says, thus excluding an application for year's support. But if the theory of the dissenting opinion, to the effect that since sec. 12 does not specify a year's support it is not embraced therein, be correct, then we are forced to the conclusion that such an application is embraced in sec. 18 of the same act, which provides as follows: "All other suits to which any person may be entitled in the courts of law in this State for the enforcement of rights or redress of wrongs, not otherwise, and not hereinbefore provided for, shall be brought within four years after the right of action accrues, and not after." It is clear from the dissenting opinion that the Justices concurring therein were of the opinion that no limitation of time was placed on an application for a year's support; for that opinion cites 34 C. J. S. 54, 66, §§ 347, 354, which declares that unless the law fixes a time limitation within which such application must be brought, it is not barred by mere lapse of time; and that opinion also gives approval to the statement in *Federal Land Bank* v. *Henson*, 166 *Ga.* 857 (144 S. E. 728), to the effect that mere lapse of time does not, as a matter of

law, bar an application for year's support. In our opinion, there is no escape from the conclusion that an application for year's support is either subject to the twenty-year limitation provided in sec. 12 or to the four-year limitation provided in sec. 18 of the act of 1856.

We think that the decisions in *Pare* v. *Mahone,* 32 *Ga.* 253, and *Peavy* v. *Turner,* 107 *Ga.* 401 (33 S. E. 409), holding in effect that the right to arise under a statute in contemplation of the Code, § 3-704, must arise in virtue of the provisions of the statute, and not in virtue of a contract between the parties, support the conclusion reached in the majority opinion that a year's support is a right accruing to individuals under a statute in contemplation of § 3-704. These decisions were cited in the dissenting opinion; and although it is there stated that a claim to a year's support is not predicated upon a contract, yet it is said that such a claim is predicated upon a relationship. This reasoning, in our opinion, is not authorized by the terms of the law. The law, and nothing else, confers the right. The relationship identifies and classifies the persons upon whom the right is conferred, as distinguished from the general public. In the absence of the statute the relationship could exist forever, without there being any right to a year's support; and we think that it should be observed right here that the right to a year's support is conferred upon a restricted and limited class of persons, which excludes all men, all adult children, and all non-dependent children, whereas the portion of the statute of distribution providing for inheritance makes no restriction as to persons who may qualify as an heir, whether male or female, minor or adult, dependent or non-dependent. Under that statute any heir may inherit his share of an estate of an intestate, regardless of sex, age, or financial needs. We think that the rule stated in *Davis* v. *Dougherty County,* 116 *Ga.* 491 (42 S. E. 764), and 21 Words & Phrases, 766-769, to the effect that where general and specific words are used in a statute in the same connection, they take color from each other, and unless a contrary intention appears the general words will be construed in harmony with the specific as referring to things of like kind, has no application to the statute here under consideration. The dissenting opinion, on the authority of this rule, asserts that the words "acts of incorporation" found in § 3-704 should color the other words "accruing . . under stat-

utes." Such reasoning fails to take account of the very language of the rule itself, which declares that it applies only to statutes where a contrary intention does not appear. In this statute it is manifest that the legislature was not interested in how closely these terms may be related, or whether related at all. The primary object was to fix a limitation of twenty years on each, without regard to its relationship to the other. This twenty-year limitation could have been made applicable to all actions ex contractu and to all actions ex delicto; and certainly in that event it would not be contended that the two expressions should be construed to mean the same thing. In our opinion, in view of the clear and unambiguous language of the statutes involved in this case, the applicable rule of construction is stated in *Neal* v. *Moultrie*, 12 *Ga.* 104, 110, as follows: "If the legislature does plainly and distinctly declare its intention, the act is not open to construction; it needs and can receive none. It stands self-interpreted, and courts have nothing to do but to enforce it." This rule was cited with approval in *Williams* v. *Lane*, 193 *Ga.* 306, 312 (18 S. E. 2d, 481). The principle which this rule embodies is that the courts have no right to change legislative language which is clear and unambiguous, and thereby create uncertainty and confusion as to the meaning of a legislative enactment. We think the language used by Justice Grice, in *Clark* v. *Baker*, 186 *Ga.* 65, 77 (196 S. E. 750), may be appropriately repeated here. He said: "The tendency to read exceptions into well-known principles of law, to restrict or extend a rule that has been followed for centuries, breeds uncertainty, and is not to be commended. Much of the confusion in this branch of the law would not, it is submitted, exist if the courts would merely follow the controlling principle and cease to create exceptions, followed by limitations on the exceptions, and then undertake to distinguish, and to refine the distinctions, and to distinguish the refinements."

The dissenting opinion asserts that some of the decisions therein referred to were rendered when the court was very much closer to the time and the circumstances of this enactment than we are today; and special attention is called to *Harris* v. *Smith*, 68 *Ga.* 461; and for this reason it is concluded that the court was in better position to apply the rule stated in the Code, § 102-102 (9), to the effect that in all interpretations courts should look for the legisla-

tive intent, keeping in view the *old law,* the *evil,* and the *remedy.* Decisions of this court before the enactment were not in agreement as to what actions to enforce rights growing out of statutes should be barred after a lapse of twenty years. After a long discussion in *Neal* v. *Moultrie,* supra, it was said: "I have only farther to say that when a statute creates a liability, that liability is a specialty, and is subject to no limitation except such as applies to domestic judgments, and that is 20 years." The rule of construction referred to, if properly applied in the present case, should be decisive. It requires a consideration of three things, the old law, the evil, and the remedy. Before the enactment here under consideration there was of force in this State no statute prescribing a limitation as is fixed by this enactment. The evil was the conflicting opinions of this court which created doubt and uncertainty as to what and when the twenty-year limitation would be applied; and the remedy designed to eliminate this evil was the explicit provision of sec. 12 of the act (Code, § 3-704). Thus it is plain that the legislature performed its duty in giving to the people of the State a plain and unambiguous statement of the law which was intended to relieve them from the feeling of uncertainty and doubt theretofore existing. For this court now to disregard the unambiguous language of the enactment, and substitute its opinion as to the rights accruing to individuals under a statute, less than all rights as the statute declares, is to violate the above rule, and is perpetuating the evil by nullifying the legislative action in supplying the remedy. The year's-support statute, § 113-1002, specifically confers the right to a year's support, not upon the general public as a whole, but upon widows and dependent orphans alone. It is thus specifically confined to a designated class. In *Georgia Masonic Insurance Co.* v. *Davis, 63 Ga.* 471, 474, suit was brought against an insurance company the charter of which provided that it would pay to beneficiaries of its members, upon their death, stated insurance. The deceased had a contract with the company by the terms of which he was a member, but the contract contained no provision obligating the payment of insurance. It was held by this court that the suit was one to enforce a right accruing under a statute; and it was said: "The deceased, in his lifetime, planted a contract, and from that root sprang up a statutory right, the measure of which is found in the charter and by-laws, and to gather in the fruits of that right

the action is prosecuted. The purpose of the suit is not to burrow after the contract, but to shake the tree·which express enactment of the law has made to grow out of it."

But it is contended by the applicant for the year's support that the decision of this court in *Federal Land Bank* v. *Henson,* 166 *Ga.* 857 (144 S. E. 728), is authority for holding that the twenty-year limitation statute [Code of 1933, § 3-704] does not apply to an application for a year's support. It is true that in that decision it was said: "Section 4041 [113-1002] and the cognate sections do not provide a limit of time after the death of the husband within which an application for year's support shall be made. Consequently mere lapse of time will not, as matter of law, bar the right to apply for the statutory year's support." And that long lapse of time may be considered by the ordinary in connection with other facts tending to show that a year's support had been expressly or impliedly waived, and in fixing the amount to be granted, and whether or not the application should be wholly refused. But when it is observed that the husband in that case died in 1910, and the application for year's support was made in 1925, a lapse of time short of twenty years as fixed by § 3-704, it is obvious that this court did not consider or construe the twenty-year statute. It was held that the application was not barred in that case. A further indication that this court gave no consideration to the twenty-year statute in making the statement that mere lapse of time would not bar the application is shown by the use of the words, "Section 4041, supra, and the cognate sections do not provide a limit of time." Section 4041 [§ 113-1002] obviously provides no limitation as to time, and the words "cognate sections" mean the other provisions of the year's support statute codified as said sections. The entire language amounts to a ruling that there is no time limitation fixed by those provisions of the Code codifying the year's support statute. It may be further observed that the decision was concurred in by only five of the six Justices. The question now under discussion was squarely presented to the Court of Appeals in *McDaniel* v. *Kelley,* 61 *Ga. App.* 105 (5 S. E. 2d, 672), and it was there held that the twenty-year limitation statute applied to applications for a year's support. We think that the decision is a sound interpretation of the statute involved.

We do not think that the decision in *Mosely* v. *Mosely,* 67 *Ga.*

92, involving a suit for divorce, has any application in the present case; for it was there pointed out that contracts of marriage are different from other contracts, that the general public has an interest in matters of marriage and divorce, and for these reasons the twenty-year statute would not bar the right to divorce. The decisions fall short of clearly distinguishing between the rights embraced in § 3-704 and all other rights; but we have no hesitancy in holding that the right to a year's support, which exists only by virtue of a statute and is conferred upon a designated class, is one accruing to the individual under a statute; and hence an application therefor must be made within twenty years after the right has accrued.

■ Having held that the twenty-year limitation statute applies to an application for a year's support, the next question is whether the right to a year's support accrues upon the death or the administration. According to the statute (Code § 113-1002), the right to a year's support accrues upon the death of the one leaving a widow, or a widow and minor child or children, or minor child or children only; for it is there stated that "upon the death of any person . . leaving a widow or a widow and minor child or children, or minor child or children only, it shall be the duty of the ordinary, on the application of the widow, or the guardian of the child or children, or any person in their behalf, on notice to the representative of the estate (if there is one, and if none, without notice) to appoint five discreet appraisers; and it shall be the duty of such appraisers, or a majority of them, to set apart and assign to such widow and children, or children only, either in property or money, a sufficiency from the estate for their support and maintenance for the space of 12 months from the date of administration, in case there is administration on the estate." It thus seems plain that the right to a year's support accrues "upon the death of the husband or parent." See *Brown* v. *Joiner*, 77 *Ga.* 232 (3 S. E. 157); *Swain* v. *Stewart*, 98 *Ga.* 366 (25 S. E. 831); *Anders* v. *First National Bank*, 165 *Ga.* 682 (142 S. E. 98). While it was said in the *Swain* case, that the provision for a year's support is a part of the statute of distributions, it was also said that "As soon as the husband dies, his widow acquires, under the provision of this section, a vested interest to a year's support;" and while it was also said that "Whenever a right by law has attached by reason of widowhood, there must

be some law by which it is divested, or it will remain," it is required by the Code, § 3-704, that the action to secure this right will be barred after the lapse of twenty years from the date the right of action accrues. The statute expressly authorizes the making of an application for a year's support upon the death of the husband or parent, and makes it the duty of the ordinary to appoint appraisers, and the duty of the appraisers to set apart and assign the year's support. It can not be denied that the right has accrued under the statute at the time the statute authorizes the application.

But it is contended by counsel that since the statute expressly states that the amount set apart must be sufficient for the support and maintenance for the space of twelve months from the date of the administration, it is thereby implied that the right accrues upon the qualification of the legal representative of the estate. This contention, however, encounters at the outset the clear implications of the statute wherein it is provided, that, if there be no representative of the estate, application may be made without notice, and the further language which immediately follows that relied upon by counsel, "in case there is administration on the estate." A careful reading of the entire statute shows that the procurement of the year's support is not dependent upon an administration of the estate. The manifest purpose of the law is to insure a support for the dependents during the twelve-months period immediately following the qualification of the legal representative of the estate, during which entire time he is not subject to suit and can not be required to pay out any of the assets of the estate. If the dependents obtain this support at the time when the statute gives them the right to apply therefor, it makes no difference when the legal representative qualifies. Having this support in hand, it is available for their maintenance during the twelve-months period when the legal representative is not subject to suit and can not be required to pay out any of the assets of the estate. Since the right to the year's support accrues upon the death of the husband or parent, and not upon the qualification of the legal representative of the estate, the limitation statute begins to run from the time of the death of the husband or parent, and not from the qualification of the legal representative.

We are here dealing with Code § 113-1002, and our ruling that the twenty-year limitation period begins to run at the death of the

husband or parent refers solely to the year's support there provided for. To contend that our ruling nullifies § 113-1004 as to all years that are twenty or more years subsequent to such death is to distort language and give it a meaning which it will not bear, and also is to ignore the rule of law universally recognized that any limitation of action period begins to run when and only when the right to institute the action accrues. Obviously it would be utterly impossible when death occurs to look into the unknown and unknowable future and ascertain with certainty the number of future years during which the estate will be held together and during which there will be no debts against the estate, and to know that during such future years the persons entitled to a year's support at death will be in life, or that any of such persons will be living when such future years arrive. The further solid fact that refutes any such contention is that the support authorized by law is one for each of the subsequent years, and the beneficiaries are not entitled to it, and hence not entitled to institute an action to obtain it until the arrival of a year for which it is sought. It follows that the twenty-year limitation period applicable to an application for support for each of the subsequent years begins to run only when such subsequent year for which the support is claimed arrives.

The questions propounded by the Court of Appeals do not involve successive years' support under the Code, § 113-1004; and whether or not such successive years' support there authorized may be successfully claimed when no first year's support has been obtained, our present ruling does not mean that the applicant in this case may not be entitled to support under that section, provided the application therefor is made within twenty years from the beginning of the year for which the support is claimed. Question 1 is answered in the affirmative, and the answer to question 2 is that the twenty-year period is to be computed beginning at the death of the husband or parent, and not from the date of the qualification of the legal representative.

*All the Justices concur, except Bell, P. J., and Grice, J., who dissent.*

BELL, Presiding Justice. It is declared in the Code, § 3-704, that "All suits for the enforcement of rights accruing to individuals under statutes, acts of incorporation, or by operation of law, shall be brought within 20 years after the right of action shall have

accrued." Is an application of a widow for a year's support subject to the limitation stated in this section? This question has been answered by the majority in the affirmative. I think it should be answered in the negative, for several reasons. The section by its terms applies only to rights "accruing to individuals," and accordingly it has been construed as applying only to "cases where the liability thus created is in favor of an individual, or a class to which he belongs, as distinguished from one arising under the general law in favor of the public at large." *Bigby* v. *Douglas,* 123 *Ga.* 635 (3) (51 S. E. 606). It seems that the right of a widow to a year's support from the estate of her deceased husband would not be a right accruing to her as an individual, or to a member of a class of individuals, within the meaning of this law, since there is no common right or source upon which different families may assert such claim, but they must proceed against different estates; and in every instance, the amount is "to be estimated according to the circumstances and standing of the family previous to the death of the testator or intestate, and keeping in view also the solvency of the estate." Code, § 113-1002.

In *Harris* v. *Smith,* 68 *Ga.* 461, Harris brought a rule against Smith as sheriff, for a sum of money remaining in the hands of the latter from a sale under an execution and claimed by him. The sheriff pleaded the four-year statute of limitations. The plaintiff relied upon the twenty-year limitation as now expressed in the Code, § 3-704. This court said: "We cannot concur with the learned counsel who argued this case, that the words relied upon were ever intended to apply to such a liability as that which is made by this record. But, it is asked, if they do not refer to such a case, then to what class of cases were they intended to apply? In looking at the act itself, we find that the legislature was dealing with rights accruing to individuals under statutes, and acts of incorporation, the latter of which, especially about the date of the passage of the act, had given rise to great litigation in the State. In some of the cases growing out of both statutory and charter liabilities of parties, it was held that obligations arose which were '*quasi ex contractu,* and imposed by operation of mere law.' *Banks* v. *Darden,* 18 *Ga.* 341. Looking at the act and the judicial decisions of the times, it would seem that these words were intended to apply to such rights as arise in connection with, though not strictly under,

the very words of the statutes or acts of incorporation. But that it does not apply to the cases before us we think very clear; if, indeed, it were made so to apply, we are at a loss to see where it would stop; for every right to recover arises in some way by operation of law, and if we stick to the letter of this act there would be but few cases barred by the statute of four years."

In *Bigby* v. *Douglas,* supra, the court, after quoting from the decision in the Harris case, said: "In other words, the General Assembly had in contemplation rights conferred by law upon particular individuals, and not upon the general public, because they sustained a peculiar relation to the incorporators of certain chartered institutions or were by special enactment given privileges in return for services to be performed by them for the benefit of the public, or were for some other reason entitled to enforce rights which they did not share in common with their fellow-citizens. The rights referred to were such as could be asserted by certain persons, not in their capacity as members of the public who came within the protection of a general law, but as particular 'individuals' who were by special enactment expressly designated by name, or who belonged to a designated class to the members of which, but to none others, such rights accrue 'under statutes, acts of incorporation, or by operation of law.' With these strictly personal rights the public at large has no concern. To rights which are conferred by law upon members of the public at large, section 3766 [Code of 1910, § 4360, Code of 1933, § 3-704] has no application. That this is true was recognized in the case of *Savannah Canal Co.* v. *Shuman,* 98 *Ga.* 171."

In an opinion delivered by Judge Sibley in Anderson *v.* Anderson, 23 Fed. 2d, 331, affirmed as Anderson *v.* Pennington, 28 Fed. 2d, 1007, it was said of this section: "That applies to cases in which there is a special liability created by a special charter or statute, as instanced in numerous cases in the early Georgia reports. The distinction to be observed is pointed out in *Savannah Canal Co.* v. *Shuman,* 98 *Ga.* 171, 25 S. E. 415, and *Bigby* v. *Douglas,* 123 *Ga.* 635, 51 S. E. 606. Where all persons injured by a breach of duty are given a right of action, and not particular individuals, the fact that a right of action is founded upon a statute does not introduce the twenty-year limitation. Thus, although there is a Georgia statute declaring that a railroad company shall be liable to all per-

sons who are injured by the running or operation of their trains, unless the company shall make it appear that they and their agents exercised all reasonable and ordinary care and diligence, this statutory liability so declared has never been supposed to be under the twenty-year limitation. So, a statute of Georgia gives a right of recovery to various classes of persons injured by the homicide of another, but no one has ever contended that this liability came under the twenty-year limitation. In these and numerous other cases the uniform construction of the law has been that the ordinary statutes of limitations apply. Section 93 of title 12 of the United States Code permits recovery to every person damaged, according to the damage he has suffered, and, although several classes are named, the provision is so broad as manifestly not to create a statutory liability in favor of individuals such as is contemplated by Georgia Code, § 4360 [§ 3-704]." In *Williams* v. *Clemons,* 178 *Ga.* 619 (173 S. E. 718), it was said that the foregoing opinion by Judge Sibley "states the correct principle." See also Hendryx *v.* Atkins, 79 Fed. 2d, 508 (6). For instances in which the principle has been applied under corporate charters and banking laws see *Lane* v. *Morris,* 8 *Ga.* 468 (8) ; *Hargroves* v. *Chambers,* 30 *Ga.* 580 (5) ; *Wheatley* v. *Glover,* 125 *Ga.* 710 (19) (54 S. E. 626) ; *Butler* v. *Mobley,* 170 *Ga.* 265 (9) (152 S. E. 229).

It has frequently been stated that the law relating to a year's support is a part of the statute of distributions. *Farris* v. *Battle,* 80 *Ga.* 187 (7 S. E. 262) ; *Swain* v. *Stewart,* 98 *Ga.* 366 (25 S. E. 831) ; *Edwards* v. *Addison,* 187 *Ga.* 756, 761 (2 S. E. 2d, 77). But even so, the statute itself is not the foundation of the action; and this in my judgment is the test of whether the right is one accruing under the statute or by operation of law. Compare *Webb* v. *Till,* 134 *Ga.* 388 (67 S. E. 1034) ; *Rogers* v. *Eason,* 183 *Ga.* 431 (2) (188 S. E. 693). What was the foundation of the action in this case? It was the applicant's relationship as widow, plus the other facts and circumstances of the particular case, in virtue of which the statute providing for a year's support merely becomes operative or applicable. The statute was not within itself the foundation of her claim.

In *Peavy* v. *Turner,* 107 *Ga.* 401 (33 S. E. 409), this court, in rejecting the contention that a proceeding to foreclose the statutory lien of an attorney at law was a suit to enforce a statutory liability,

and thus would fall under the Code, § 3-704, said: "This provision of law is where the statute creates a liability that is directly the ground of the action, and does not apply to a case where the liability is created by contract between the parties." The court also quoted the following from *Pare* v. *Mahone, 32 Ga.* 253, involving attachment: "A statutory liability is one that depends for its existence and creation upon the special enactment of a statute, and not upon the contract of the parties." While of course the right to a year's support is not created by contract, it does arise from a relationship and other facts; and so, upon application of these decisions, and paraphrasing the language used, it may be said that the statute applies to a liability that is directly the ground of the action, and does not apply to a case where the liability arises from the relationship of widow and the existence of an estate left by her husband. It seems that in the *Pare* case, the court was of the opinion that the liability must be created by a "special enactment" in order for such limitation to apply.

Although the right to a year's support is the highest claim against the estate of a decedent, and the "ordinary law of distributions" does not become applicable until after such year's support and other obligations of the estate are satisfied (*Edwards* v. *Addison,* 187 *Ga.* 756, supra), yet since the right is a branch of the statute of distributions, it would seem that it could no more be termed a right accruing to an individual under statute than could the right of the heirs at law of any intestate, and in the view of the writer such right of inheritance could not properly be so denominated. The statute of distributions is a general statute providing for succession of title by inheritance, and those occupying the relation of heirs could not, as seems to me, be considered as "individuals" or a class of individuals within the meaning of the Code, § 3-704. Generally speaking, every person is the heir of some one, and thus is a mere member of the general public as related to this section. While widows and minor children do not constitute so large a percentage of the general public, they are not yet sufficiently limited and identified as to be considered a particular class within purview of this section. If the twenty-year limitation is to be applied to a first application for a year's support, how could it be applied to a second or later application, as allowed under the Code, § 113-1004? The very fact that under certain circumstances

the right may be asserted for each year that the estate is kept together would strongly indicate that no period of limitation was intended to apply to such right, whether asserted by a first or a later application. The words "accruing . . under statutes, acts of incorporation, or by operation of law" should be considered together as embracing the single policy or intention as to the kind of law under which the right may accrue, in order to become barred under the twenty-year limitation. The maxim *noscitur a sociis* is applicable. Words, like people, are known by the company they keep; and when the meaning of a word is doubtful, we may look to its associates to determine its meaning. Under this maxim, where general and specific words are used in the same connection, they take color from each other, and unless a contrary intention appears, the general words will be construed in harmony with the specific, as referring to things of like kind. *Davis* v. *Dougherty County*, 116 *Ga.* 491, 492-3 (42 S. E. 764); 21 Words & Phrases, 766-9. This leads to the conclusion that the words "acts of incorporation" should lend color to the other words of this statute, and that a general statute such as that providing for a year's support is not within the intent of section 3-704, supra.

In the opinion in the instant case, however, the court, in discussing *Bigby* v. *Douglas,* supra, has said: "Conceding that the right of the surety to obtain contribution from his cosureties as prescribed by the Code is of common-law origin, this fact would not be sufficient to prevent it from being a right accruing to a class of individuals by operation of law." I do not think the words "by operation of law" can be given any such meaning. If the court is correct in this statement, then it would seem there is no right that would not fall within the Code, § 3-704; for every right accrues in some way under statute or common law.

Referring specifically to a claim for a year's support, the following rulings were made in *Federal Land Bank of Columbia* v. *Henson,* 166 *Ga.* 857 (144 S. E. 728): "4. Section [113-1002] and the cognate sections do not provide a limit of time after the death of the husband within which an application for year's support shall be made. Consequently, mere lapse of time will not, as matter of law, bar the right to apply for the statutory year's support. 5. Long lapse of time between the death of the husband and the widow's application for year's support may be considered by the ordi-

nary in connection with other facts tending to show that the widow had received a support from the estate or had waived it expressly or impliedly. And in passing upon the application the ordinary should give weight to evidence as to such facts in determining the amount to be granted, or whether the application should be wholly refused." While it is true, that in the *Henson* case, the court did not have for consideration the twenty-year statute of limitation, yet the case was actually decided upon the theory that mere lapse of time would not as a matter of law bar the right; and the ruling is not irrelevant to the question here presented. Considering the nature of the ruling made, if the court had thought that there was any statute of limitations applicable to such right, seemingly, at least, a passing reference would have been made to it.

In other jurisdictions, it seems to be the view that unless the law fixes some time limit within which such an *application* must be made, it is not barred by mere lapse of time, and that general statutes of limitations are not applicable. 34 C. J. S. 54, 66, §§ 347, 354.

The provisions of section 3-704 were enacted in 1856, as part of a general statute of limitations covering numerous actions. Ga. Laws 1855-6, p. 233. The provisions were contained in section 12 of that act, and were followed immediately by a section relating to dower. In other words, the exact setting was as follows: "Sec. XII. All suits for the enforcement of rights accruing to individuals under statutes, acts of incorporation, or by operation of law, shall be brought within twenty years after the right of action accrues, and not after. Sec. XIII. That when any widow shall be entitled to dower, application for the assignment of such dower shall be made by said widow within seven years from the time such right to dower accrued, and not after." Somewhere in the same connection would have been a very suitable place to mention year's support, if the legislature had intended to bring it within section 12 of this act; and why specifically mention dower, and not year's support? Did not mention of the one impliedly exclude the other?

Some of the decisions referred to above were rendered when the court was very much closer to the time and circumstances of this enactment than we are to-day. This is especially true of *Pare* v. *Mahone* (1861), and *Harris* v. *Smith* (1881), from which I have quoted. Seemingly, therefore, the court was in better position to

apply the rule, that, "In all interpretations, the courts shall look diligently for the intention of the General Assembly, keeping in view, at all times, the old law, the evil, and the remedy." Code, § 102-102 (9). And it is worthy of note that in *Harris* v. *Smith*, supra, the court did apply this rule, although it was not specifically mentioned. In the circumstances, it seems to the writer that a mere intimation in the older decisions should be given considerable weight, as to the meaning of this statute.

It might be asked what if any right the widow would have to a year's support if this particular statute (Code, § 113-1002 and cognate statutes) had never been enacted, or should be repealed. Candidly, it must be said that she would not have any right to a year's support; but it does not follow that the claim for year's support is one accruing under statute or by operation of law under the Code, § 3-704. It would simply mean that there would be no statute under which it could be asserted that the relationship and the other pertinent facts gave the right to a year's support, and would not mean that the statute itself must be considered as the foundation of the action.

The first question propounded by the Court of Appeals merely asks whether the twenty-year statute of limitations as provided in the Code, § 3-704, is applicable, and does not inquire whether any other statute would be applicable, and therefore the discussion might properly end at this point; but it may not be amiss to observe that it would not be an anomaly if no statute of limitations whatever should be applicable to a claim for a year's support. There are still other rights which have not as yet been covered by any such statute. Compare *Kirkpatrick* v. *Faw*, 182 *Ga.* 25, 29 (184 S. E. 855).

In view of what has been said, I respectfully dissent from the answer to the first question; and in this view I must dissent also from what is stated in the answer to the second question. Justice Grice directs me to say that he concurs in this dissent.