SERVICE STAGES, INC.,

v.

GREYHOUND CORPORATION and Greyhound Bus Depot of Atlanta, Inc.

Civ. A. No. 5446.

United States District Court
N. D. Georgia,
Atlanta Division.

Jan. 8, 1959.

---

Arnall, Golden & Gregory, Atlanta, Ga., for plaintiff.

Gambrell, Harlan, Russell, Moye & Richardson, Atlanta, Ga., for defendant.

HOOPER, Chief Judge.

The opinion of this Court dated September 22, 1958 containing certain errors which have been pointed out to the Court, said opinion is vacated and the following inserted in lieu thereof.

### Statement of the Case.

In this action plaintiff seeks to recover from defendants damages allegedly suffered by plaintiff when it sold out its franchise as a common carrier to the defendants for a sum of money allegedly inadequate, having been forced to make such sale by reason of acts and conduct of defendants in violation of the anti-trust laws (15 U.S.C.A. § 15).

Defendants filed a motion for summary judgment, based upon allegations in the pleadings and affidavits. There is

no substantial issue of fact between the parties, and the able counsel for each party has assisted the Court in its task by complete discovery procedures and stipulations as to the controlling facts in the case.

Plaintiff's counsel insists that the applicable statute of limitations in this case is twenty years, defense counsel contends it is four years. Plaintiff contends that even if the Court should find the applicable period to be four years, plaintiff's claim is still not barred, for the reason as alleged by plaintiff that there were overt acts together with the infliction of damages occurring within a four-year period preceding the filing of this action.

While the motion for summary judgment is also predicated upon acts of estoppel and of release, it is not necessary for the Court to pass upon the same, as the Court is ruling that plaintiff's alleged cause of action did accrue more than four years prior to the date of filing this suit, and that four years is the applicable period of limitations under Georgia law for this particular action. Ga.Code, § 3–706. The pertinent acts in the record will be given in connection with the opinion. The Court however, is overruling defendants' motion for summary judgment based on such grounds.

### Opinion.

*(1) The Applicable Statute of Limitations under Georgia Law Is Four Years.*

Plaintiff contends that the proper period of limitations to be applied in this case is based upon Georgia Code, § 3–704, which reads as follows:

"All suits for the enforcement of rights accruing to individuals under statutes, acts of incorporation, or by operation of law, shall be brought within 20 years after the right of action shall have accrued."

Plaintiff's counsel in their comprehensive and carefully prepared brief cite to this Court decisions from various courts in this land, also statements by the general authorities, which indicate clearly that statutes in various states quite similar to the Georgia statute just quoted have been construed by the courts to cover actions of the same nature as the one here involved. A reading of the aforesaid statute and of the cases cited by plaintiff's counsel would demand a ruling in favor of plaintiff on this question, were it not for the particular legislative history of the aforesaid Georgia law.

This Court could rest its ruling entirely upon the thoughtful opinion written by Judge William Boyd Sloan, my colleague in this District; see Greene v. Lam Amusement Company, D.C., 145 F.Supp. 346. Among other cases therein cited is the case of Hendryx v. E. C. Atkins & Company, 5 Cir., 79 F.2d 508, 509, written by the distinguished Judge Samuel H. Sibley, then of that court, in which it was pointed out that the period of limitations contained in that statute "was enacted for rights of action given to individuals by special legislative acts, such as a statute of incorporation." There was also cited the case of Harvey v. Booth Fisheries Company of Delaware, 228 F. 782, at page 786, where the court pointed out that an action under the Anti-Trust Act (15 U.S.C.A. § 15) was based upon "an invasion of the personal rights of the plaintiff, rights which are relative and general, and embrace rights which are common with all other persons, and as a part of the public he has a right of action for injuries sustained. There is no liability to plaintiff by reason of any trespass which is expressly created in his favor, but only as it affects the public, by reason of which he suffers damages."

But counsel for plaintiff here insist that the Supreme Court of Georgia in the case of Nixon v. Nixon, 196 Ga. 148, 26 S.E.2d 711, 715, has placed a different interpretation upon the statute under consideration, so that it now should be interpreted to include actions such as this.

It is true that the Georgia Supreme Court in the case just cited did overrule and explain a number of earlier decisions upon this question, and did rule that the

twenty-year period of limitations applies in Georgia to an action by a widow for a year's support out of the estate of her deceased husband. However, the Georgia Supreme Court still recognized that the twenty-year statute still "identifies and classifies the persons upon whom the right is conferred, as distinguished from the general public," and that "the right to a year's support is conferred upon a restricted and limited class of persons." By way of contrast the court points out that the Georgia statute of distribution providing for inheritance, makes no restriction as to persons who may qualify as an heir "whether male or female, minor or adult, dependent or non-dependent."

■■ It is now well established that this court is under a duty to interpret the Georgia statute in the same way it is interpreted by the Supreme Court of Georgia. The mere fact, if it is a fact, that the foregoing decision by the Georgia Supreme Court might indicate a more liberal construction of the code section in question does not justify this court in "second guessing" the Georgia Supreme Court by further liberalization of the statute in question. Let it be added that a period of limitation of twenty years is a long period and one granted by law in Georgia to very few situations, including special legislative acts and instruments under seal.

(2) Plaintiff's counsel, while not agreeing with the foregoing interpretation, contends that this action accrued within a period of four years prior to the filing of the same. It will therefore be necessary to give a brief outline of the pertinent dates which are involved.

It is not necessary to recount the various elements of the alleged conspiracy and the acts done pursuant to the same prior to March 13, 1951, that date being without the four-year period. On that date the plaintiff entered into a contract whereby it agreed to sell to Crescent Stages, Inc. its certificates of convenience and necessity covering the route from Atlanta, Georgia to Anniston, Alabama, via Rome and Gadsden. This transfer of course was made subject to approval by the Interstate Commerce Commission and the Georgia and Alabama Commissions. On April 10, 1951 plaintiff filed with the Interstate Commerce Commission an application for authority for the purchaser to operate temporarily over the aforesaid route, and also filed an application for approval of transfer of all of plaintiff's certificates to the purchaser. The Interstate Commerce Commission by order of April 27, 1951 approved such temporary operation, and on May 25, 1951 the plaintiff ceased operation as a motor bus carrier and has not conducted such business since that date. On March 4, 1952 the Commission approved the purchase of said certificates but ordered that the balance of the purchase price be paid in full immediately rather than in installments as agreed originally between the parties. In May, 1952 the parties modified the agreement of March, 1951 in accordance with the directions by the Commission, and the balance of the purchase price was paid to plaintiff, this being within the four-year period prior to filing this action, and plaintiff contends it may be considered as the beginning of the four-year period.

As the plaintiff agreed to sell its lines to Crescent Stages, Inc. by contract in March of 1951, and as the plaintiff on May 25, 1951 ceased its operations and turned its business over to Crescent Stages, Inc., should either of said dates be taken as a beginning point, the action would be barred because each of them are outside the four-year period prior to filing suit. However, should May 25, 1952 be the pertinent date (this being the date on which plaintiff was paid the balance of the $70,000 consideration for the sale of its lines, pursuant to approval by the Commission) plaintiff's action would have been filed within the four-year period.

*(2) The Statute of Limitations Began to Run No Later Than the Date Plaintiff Disposed of Its Business.*

Many decisions have been rendered by the courts involving the question as to

when the statute of limitations begins to run in a civil suit for damages for violation of anti-trust acts. To avoid confusion one must eliminate all those decisions which differ upon their facts from the case sub judice. Under some factual situations there are repeated illegal acts done by the defendant with damages following soon thereafter. There are other instances where an overt act is done from which damages flow for a considerable time.

It is important to note in the instant case that the plaintiff, allegedly on account of illegal acts of the defendants, was forced to sell and release to purchasers affiliated with defendants its franchises to operate busses over the two routes described, whereupon plaintiff discontinued operations on May 25, 1951 and filed this complaint on December 6, 1955, more than four years after the plaintiff ceased its operations.

As pointed out below, there is some confusion in the authorities as to whether the statute begins to run from the last overt act of the defendant, or from the date of the infliction of the damages caused thereby. In the opinion of this Court, however, all overt acts (within the definition of that phrase applicable to such situations) and all damages caused thereby were fixed and established not later than May 25, 1951, on which date the plaintiff ceased its operations and delivered its business over to the purchasers under terms of a contract which plaintiff has never sought to be declared invalid, fixing plaintiff's sales price at $70,000.

■ The general rule upon the question of statute of limitations is thus stated in 54 C.J.S. Limitations of Actions § 168, p. 122:

"Broadly speaking, an action sounding in tort accrues at, and limitations begin to run from, the date on which the tort is committed, from the date on which there is a wrongful invasion of personal or property rights, or from the time when the injured person acquires a present right to sue. In the absence of a statutory provision to the contrary or of fraudulent concealment, this rule may apply even though plaintiff was then ignorant of the injury sustained or could not ascertain with certainty the amount of his damage. The test to determine when the statute of limitations begins to run against an action sounding in tort is whether the act causing the damage does or does not of itself, constitute a legal injury, that is, an injury giving rise to a cause of action because it is an invasion of some right of plaintiff."

■ The foregoing general rule applies in cases involving violation of anti-trust statutes. The Georgia statutes of limitation apply here, this occurrence having been prior to the enactment of 15 U.S.C.A. § 15b fixing a four-year statute of limitations. The federal authorities, however, determine the question as to when plaintiff's cause of action accrued.

■ A great deal of the confusion which exists upon this question has been dispelled by the Court of Appeals of the Ninth Judicial Circuit in the case of Steiner v. 20th Century-Fox Film Corporation, 1956, 232 F.2d 190, 198. The court there stated:

"The statute of limitations in a civil conspiracy runs from the commission of the last overt act alleged to have caused damage."

The court pointed out certain language used by the court in the case of Suckow Borax Mines Consolidated v. Borax Consolidated, 9 Cir., 185 F.2d 196, at page 208, to the effect that

" * * * private civil antitrust actions are founded, not upon the mere existence of a conspiracy, but upon injuries which result from the commission of forbidden 'overt acts' by the conspirators."

The court at page 195 of 232 F.2d stated:

"In a continuing conspiracy causing continuing damage without fur-

ther overt acts, the statute of limitations runs, as we have noted, from the time the blow which caused the damage was struck. Any further internal injury affects the problem of how much should be claimed in damages, not the problem of when the statute of limitations commences to run."

In the instant case the original complaint alleged two separate conspiracies, the first one in point of time being clearly barred by statute of limitations. By amendment the two alleged conspiracies were set out as constituting one conspiracy which culminated in the abandonment by plaintiff on May 25, 1951 of its entire business. The instant case is therefore on its facts similar to the case of Crummer Company v. Du Pont, 223 F.2d 238, 248 in which the Fifth Circuit Court of Appeals points out that there was in that case "but a single cause of action which did not accrue and upon which limitation did not commence to run until every wrongful · act had ceased." The Court of Appeals pointed out:

"The fact that the complaint alleges that by 1944 their business was completely destroyed and all their damages had accrued." See 223 F. 2d 238, supra at page 248.

Counsel for defendants cite other cases, ruling that a plaintiff after going out of business has no further business which might suffer damages by illegal acts of the defendants.

It is alleged that certain things were done by the defendants after the plaintiff had delivered its business to the purchasers, but these acts were not illegal overt acts such as would constitute the start of the running of the statute of limitations. Subsequent to May 1951, the Interstate Commerce Commission having approved the sale by the plaintiff to Crescent Stages, Inc., the latter paid the balance of the purchase price named in the original contract between the parties dated March 13, 1951. It might even

be said that the statute of limitations began to run on March 13, 1951 for the reason that on that date the alleged overt acts of defendant had ceased and the plaintiff allegedly suffering from the blows inflicted thereby, was forced to sign a contract of sale for the sum of $70,000. At any rate the amount of the purchase price was determined on March 13, 1951 and the contract signed subject to approval by the Interstate Commerce Commission and the Alabama and Georgia Public Service Commissions. However, there is less doubt that plaintiff's action accrued on May 25, 1951 when plaintiff actually surrendered its business to Crescent Stages, Inc. and ceased operations. It is difficult to see how any further damage could have been done to plaintiff subsequent to that date and certainly the mere payment of the purchase price after that date would not constitute either an overt act or accrual of damages.

*(3) Defenses of Estoppel and Release.*

If the Court should be correct in the foregoing rulings it will not be necessary to pass upon the motion for summary judgment in favor of defendants based upon alleged estoppel by the plaintiff, and also based upon an alleged release executed by plaintiff.

However, should the ruling of this Court be reversed as to the statute of limitations it would be highly desirable that the merits of these two defenses urged by defendant be adjudicated on the same appeal.

■ After careful consideration this Court is ruling that defendants are not entitled to a summary judgment based upon Ground One(A) entitled "Estoppel" or upon Ground One (B) entitled "Release, Waiver, Accord and Satisfaction, Compromise and Settlement," each contained in defendants' motion for summary judgment filed February 14, 1958.

Counsel for defendants may submit appropriate judgment.